[No. 6,417.—In Bank.]

DAVID GOODALE ET AL. *v.* THE FIFTEENTH DISTRICT COURT.

RECEIVER — PARTITION — JURISDICTION — CERTIORARI — EQUITY CASE — DEFINITION.—A suit for partition is an equity proceeding. It is, therefore, competent for the Court in such actions, *in some cases*, to grant a receiver; and whether in a particular case the power of the Court has been properly exercised, cannot be determined upon *certiorari.*

ID. — ID. — ID. — ID. — MYRICK, J., did not agree to the proposition that the appointment of a receiver in a partition suit could not in any case be reviewed by this writ; but concurred, on the ground that the facts upon which the order was made did not appear, and it therefore did not appear that the Court had exceeded its jurisdiction.

Id. — Id. — Id. — Id. — Id. — Id. — Sharpstein, J., dissenting, was of opinion that a suit for partition is a special proceeding, and not a case in equity, and that the Court below had no jurisdiction to appoint a receiver.

Prohibition to the Fifteenth District Court, City and County of San Francisco, and Samuel H. Dwinelle, Judge thereof.

*S. M. Wilson*, and *B. S. Brooks*, for the Plaintiffs.

There is no appeal from this order, nor can it be reviewed upon appeal from the judgment. The only remedy is by *certiorari*. (Code Civ. Proc. § 1,068; *French Bank* v. *Fifteenth District Court*, 53 Cal. 495.)

It is conceded that the appointment of receiver in this case was not authorized by any of the subdivisions of § 564 of the Code of Civil Procedure, unless by the sixth.

If, then, it has not been in accordance with the usages of courts of equity to appoint receivers in such cases as this, the order is in excess of jurisdiction.

A receiver will not be appointed between tenants in common. (Freeman on Partition, § 327; Kerr on Receivers, 3, 114; High on Injunction, 343, 437, 443.) The result of the appointment was to disseize a freeholder of his land without the verdict of his peers. This was a violation of our constitutional rights. (Const. art. 1, § 17.) The courts will not, at the instance of a person alleging a mere legal title against another party who is in possession of real estate, and who also claims to hold by a like title, disturb the possession by appointing a receiver. (Kerr on Receivers, 120, 124; *Tyson* v. *Fairclough*, 2 Sim. & St. 144; *Talbot* v. *Scott*, 4 Kay & J. 96; *Curron* v. *Ferrior*, Law R. 3 Ch. App. 719–29; *Hitchen* v. *Birks*, Law R. 10 Eq. 471–473; *Schlecht's Appeal*, 60 Pa. St. 175; *Spratt* v. *Athearn*, 1 Jones, 50; *Scurrah* v. *Scurrah*, 14 Jur. 874.)

*Theodore H. Hittell, John Garber*, and *Rhodes & Barstow* for Defendants.

The only question arising under the writ is the question of jurisdiction, and if the Court has power to appoint a receiver in an action of partition, the inquiry under the writ ends. Receivers

may be appointed in all cases where receivers have heretofore been appointed by the usages of courts of equity. The action of partition under the Practice Act and the Code, is an action in equity. (1 Story Eq. §·656; *Early* v. *Friend*, 16 Gratt. 21.) And courts of equity have appointed receivers without question as to their powers, in such actions. (Kerr on Receivers, 1, 126–7; Edwards on Receivers, 1; 2 Wait's Prac. 216; High on Receivers, §§ 9, 607; Freeman on Cotenancy, 327, 514; *Pignolet* v. *Bushe*, 28 How. Pr. 9; *Ireland* v. *Nichols*, 37 id. 222; *Duncan* v. *Campan*, 15 Mich. 415; *Rutherford* v. *Jones*, 14 Geo. 526; *Williams* v. *Jenkins*, 11 id. 595.)

MORRISON, C. J.:

The following is a statement of the facts presented by this case: In 1867 a suit of partition was brought by Emeric against Alvarado et al., in the Fifteenth District Court, and such suit was prosecuted down to July 15th, 1878, at which time an interlocutory decree was entered, and three referees were appointed to make partition of the land in controversy. Afterward, on the 14th day of November, 1878, the District Court made an order appointing a receiver, with power to take possession of the lands and lease them in parcels; to collect the rents, issues, and profits of the lands pending the action, and therefrom to pay the taxes and such other expenses as the Court might direct, as well as to exercise the powers and duties of receivers in like cases.

It is claimed that there is no appeal from the order appointing a receiver; and on the 14th day of January, 1879, application was made to this Court for a writ of *certiorari* to review the order of the Court below appointing such receiver. The question involved in this proceeding is one of jurisdiction only, and we are not called upon to inquire into the *correctness* of the order of the District Court.

In the argument of petitioners they use the following language: "We do not ask the Court to inquire into the sufficiency of the proofs upon which the Court below founded its action, nor to inquire into any mistakes of law or fact which the Court may have possibly fallen into in the course of its consideration of the case before it; but whether it had any right to consider

it at all; whether it had any right in a case of this impression to reach that result at all." In other words, is it competent for a Court in *any partition suit*, to appoint a receiver to take possession of the property, collect the rents, pay the taxes, lease the property, etc. If it was competent for the District Court of the Fifteenth Judicial District to appoint a receiver in any partition suit pending before it, this proceeding cannot be sustained, and the writ must be dismissed.

It very clearly appears from the provisions of the Code that a suit in partition is an equitable proceeding, because it is not competent for a court of law to carry into effect the various and complicated provisions of the statute on the subject. Section 564 of the Code of Civil Procedure provides that a receiver may be appointed by the court in which an action is pending, or by the judge thereof, in certain cases enumerated in five subdivisions of the section; and the last subdivision is, that a receiver may be appointed in all other cases where receivers have heretofore been appointed by the usages of courts of equity.

In the case of *Verplank and others* v. *Caines and his wife*, 1 Johns. Ch. 56, Chancellor Kent says: " The exercise of this power (to appoint a receiver) must depend upon sound discretion, and in a case in which it must appear fit and reasonable that some indifferent person, under approved security, should receive and distribute the issues and profits, for the greater safety of all the parties concerned." But we have been referred to a number of cases, both English and American, in which the power to appoint a receiver in a partition suit has been recognized and enforced. *Hargrave* v. *Hargrave*, 9 Beav. 549, is a case in point. In that case a receiver was appointed to take possession of a moiety of an estate claimed by plaintiff as tenant in common with the defendant who was in possession of the whole. The case of *Sandford* v. *Ballard*, 33 Beav. 401, is also in point. In that case a receiver of the whole property was granted at the hearing as between tenants in common, there being evidence that the defendant, one of them, had excluded the rest. In *Evelyn* v. *Evelyn*, 2 Dickens' Ch. Rep. 800, a receiver was appointed to an undivided estate. In *Street* v. *Anderton*, 4 Brown's Ch. Rep. 414, the Lord Chancellor ordered that the co-

tenant should give security to account for one-third of the rents, otherwise the order to go for a receiver. In *Milbank* v. *Revertt*, 2 Mer. 405, it was held that the Court refuses to grant a receiver of estates, as between tenants in common, except in gross cases of exclusive possession. (See also note to page 315, Brown's Ch. Reports.)

We will refer to several American cases on this subject. The case of *Rutherford, Receiver etc.* v. *Jones*, 14 Georgia, 521, was a bill for partition, and the Court there say : " But equity can do more than seems to have been imagined by those who have instituted this proceeding. It can not only direct a sale of some of the lots or in parcels, and decree compensation to equalize the allotments, *but it can appoint a receiver* to rent out this property—the whole or any part of it—and pay over the profits to the cotenants, according to their respective rights and interests. Yea, it may do more than this ; it can order any one or more of these twenty-five lots to be held and enjoyed for a certain length of time by one of the cotenants, and then by the other, and so on successively. And this, too, may become necessary, in the further settlement of this subject." The next case to which we will refer is that of *Williams and others* v. *Jenkins*, 11 Georgia, 595. The Court in this case says : " The plaintiff herein insists that a court of equity will not interfere and appoint a receiver at the instance of one tenant in common against another, who is in possession, because the party complaining may relieve himself at law by a writ of partition. Concede that the complainant in this case might have a writ of partition at law for his share of the property, what adequate remedy has he at law, in the meantime, for the profits of the mills, while in the possession of the defendants who are *insolvent ?*

" We entertain no doubt that a court of equity has jurisdiction to appoint a receiver at the instance of one tenant in common against his cotenants, who are in possession of undivided valuable property, receiving the whole of the rents and profits, and excluding their companion from the receipt of any portion thereof, when such tenants are insolvent."

In the case of *Duncan* v. *Campan*, (15 Mich. 414), Campbell, J., says : " It comes then to the simple inquiry whether a receiver can be appointed over tenants in common ? I think the

precedents permit this in some cases; and where, as in this case, the other tenants not only deny complainant's title, but have endeavored to entangle the whole title, and are not disposed to account for the rents and profits, there is power to make such appointment." The case of *Low* v. *Holmes et al.*, 17 N. J. Eq. 148, is also in point. The Chancellor in this case says: "It is objected that a receiver will not be appointed on a bill for partition by one tenant in common against another, unless a case of exclusion of the complainant from the enjoyment of the premises is shown. * * * * The principle established by the cases is, that the Court will not wrest from the defendant his share of the property to the enjoyment of which he is legally entitled, unless it be necessary in order to secure to the complainant the enjoyment of his rights. If, therefore, it does not appear that the complainant is, by the act of the defendant, excluded from the enjoyment of his share of the property, there is no ground for the exercise of the extraordinary power of the Court, either by enjoining the defendant in the use of the property, or by putting it under the control of a receiver."

In the case of *Pignolet* v. *Bushe*, 28 How. Pr. Rep. 9, it was held by the Supreme Court of New York, that in order to preserve the property from serious loss, the Court will appoint a receiver during the pendency of an action in partition. The law upon this subject is thus stated in Wait's Practice, (vol. 2, page 216): "A tenant in common may have a receiver appointed against his cotenants, upon making it appear to the satisfaction of the Court that such cotenants are in possession of undivided valuable property, and are excluding him from the receipt of any portion thereof, and that they are insolvent. * * So, in actions between joint tenants, a receiver will be appointed, as a matter of course, when the joint property is in danger through the acts of one or more. of the joint tenants." Mr. Freeman, in his work on Cotenancy and Partition, (sec. 327) says: "A receiver has been appointed on the application of one of the cotenants. In most of the early cases, the considerations inducing the action of the Court cannot be ascertained from the reports. * * * We therefore find it impossible to state with precision the general principles upon which the action of courts of equity have been, or will be predicated in disposing

of applications for the appointment of receivers of undivided estates. It is certain, however, that the application will be denied, except in extreme cases. * * * A receiver will never be appointed, unless it is necessary for the protection of complainant's rights. * * * In partition, the Court will appoint a receiver during the pendency of the action, to preserve the complainants from serious loss, where it is shown that they are unable to rent portions of the property, or to collect rent of other portions rented, in consequence of the conduct of the defendant."

"The aid of a receiver is sometimes granted in actions for the partition of real estate between tenants in common, when it is apparent to the Court that the relief is necessary to protect all parties in interest. And in such an action, where the defendants not only deny the plaintiff's title, but have endeavored to entangle the whole title, and are not disposed to account for the rents and profits, equity may interfere by a receiver. And when in an action for partition, it is shown that a portion of the property cannot be rented, in consequence of the refusal of one of the tenants in common to unite with the others, and that the rents of the remaining portions cannot be collected because of the interference of such cotenant, a receiver may be appointed to preserve the property from loss *pendente lite.*" (High on Receivers, § 607.) "The Court will not grant a receiver against a tenant in common in possession, at the suit of another tenant in common, unless in cases of destructive waste or gross exclusion." (Kerr on Receivers, 106.)

The foregoing cases show that it is competent for a court of equity, *in some cases*, to grant a receiver in partition suits, and we can readily understand why such a power should be vested in the Court. Take for example, the case of a mine containing precious metals. It is in the possession of one tenant in common, and is being worked by him to the exclusion of the other cotenants. He is insolvent and unable to respond in damages. Here we have a case in which the value of the property is being rapidly exhausted by an irresponsible cotenant, and the cotenants out of possession are threatened with an entire destruction of their estate. Would it not be eminently just and proper for the Court in which a suit was pending for the partition of such

property, to wrest it from the possession of the tenant holding and working it, and to put it into the hands of a receiver? Or if the estate consisted of land, the only value of which was in the timber upon it, and the tenant in possession was cutting down and disposing of such timber and appropriating the proceeds to his own use. He is insolvent too, and unable to respond in damages. Would it not be within the jurisdiction of a court of equity in which a suit for the partition of such land was pending, to appoint a receiver to take possession of the property and hold it for the joint benefit of all parties in interest? It seems to us that it would.

It is sufficient for us to hold that there are cases of this impression, in which it is competent for the Court below to appoint a receiver; and whether or not the power vested in the Court was properly exercised in this particular case, we are not called upon to determine in this proceeding.

It is fair to presume that the Court in which the partition suit is pending will so regulate the conduct of the receiver as to protect the rights of all parties interested in the estate.

In our opinion, the conclusion arrived at by the late Court, (the case is now before us on an order for a rehearing) was correct, and the writ should be dismissed. So ordered.

ROSS, J., and THORNTON, J., concurred.

(Mr. Justice McKINSTRY, being disqualified, took no part in this decision. Mr. Justice McKEE did not sit in the case.)

MYRICK, J., concurring:

I concur in the judgment. I agree with the Chief Justice in the view that *there may be cases* in partition in which a receiver, in aid of the proper adjustment of the rights of the owners, may be appointed. It is not because the proceeding is *for a partition* that a receiver may be appointed, but because *in a proceeding* for partition *facts exist* which render the appointment proper. It is therefore, necessary that there be a concurrence of the *proceeding* and of the *facts* in order to give the Court jurisdiction. In this case, we are not advised by so much of the proceedings of the Court below in appointing a receiver

as appears in the petition herein, what facts existed upon which the Court based its order; it therefore *does not appear* that the Court exceeded its jurisdiction. In my opinion, the order made by the Court does not embrace the question as to whether the Court had power to give authority to a receiver to turn out of possession a tenant in common who has properly preserved his share of the property, and has not done or suffered any act inconsistent with the rights of his cotenants, but is in possession merely as a tenant in common, acting in all respects in good faith. The order reads, after naming the receiver: " With authority to collect and receive the rents, issues, and profits of the lands and premises described in the complaint in this action during the pendency thereof, with authority to demise and let the said land and premises in suitable and convenient parcels, and collect and receive the rents thereof, and to apply the same," etc. Here is no authority given *in terms* to put out any tenant in common. The acts of the receiver and the notices served by him cannot be resorted to, to ascertain his powers.

I do not agree to the proposition that because in *some cases* in partition a receiver may be appointed, therefore, whenever in a partition case a receiver has been appointed, such appointment cannot be reviewed on this writ. As suggested before, the *facts* showing the appointment to be necessary must concur, *in order to give the Court jurisdiction.* To illustrate: If three persons own the entire estate as tenants in common, all acting in good faith, and for the common interest, there is no jurisdiction in a court of equity to appoint a receiver to take possession of the land as against them, and the assumption of the jurisdiction will be reviewed on this writ. If, however, the Court should find the proper facts to exist, but should err in its rulings in arriving at that conclusion, such error will not be reviewed on this writ.

In the case at bar, it was stated by counsel on the argument: " We do not ask the Court to inquire into the facts and correct any errors. We rely upon the law that in such a case (partition) a receiver cannot be appointed. The statute relating to partition does not even refer to the appointment of a receiver."

Being of opinion that in some cases in partition a receiver may be appointed, I concur in the judgment.

SHARPSTEIN, J., dissenting:

I dissent. I think, as was said by BALDWIN, J., in *Waterman* v. *Lawrence*, 19 Cal. 210, " that this proceeding for partition is a special proceeding, and that the statute prescribes its course and effect," and I agree with Mr. Justice RHODES, that " there is no such thing under our system of pleading and practice as a suit in equity for partition distinct from the proceeding provided for in the act. The rules there laid down are applicable alike to all actions for partition." (*Gates* v. *Salmon*, 35 Cal. 576.)

Chapter v, part ii, title vii, of the Code of Civil Procedure, enumerates the actions in which receivers may be appointed, and then provides that they may be appointed " in all other cases where receivers have heretofore been appointed by the usages of courts of equity." I am not aware that by the usages of courts of equity receivers were ever appointed in other than equity cases, of which the action of partition in this State is not one. Nor is it claimed in this case that it ever became a usage in courts of equity to appoint receivers in all suits for partition in equity. But it is urged that because courts of equity did appoint receivers in some cases of partition, the jurisdiction of the Court to appoint one in this case cannot be questioned. The fallacy of this argument appears to me too apparent. The power is not given to appoint in all other *actions* where receivers have heretofore been appointed by the usages of courts of equity, but in all other *cases* where they have been so appointed. I cannot construe this to mean that the Court may appoint a receiver in any action in which a receiver was ever before appointed ; nor do I think that *cases* means *actions*. The actions in which a receiver can be appointed are specifically enumerated. The cases in which they may be appointed are only such as by the usages of courts of equity receivers have been appointed in. The word " usages " here doubtless means long-continued practice or habitual use ; and it is quite clear that courts of equity have never appointed receivers in partition as between tenants in common, except in exceptional cases, of which this is not shown to be one. It is true that the court which made this appointment was a court of general jurisdic-

tion, but in the matter of appointing receivers, it is conceded that its power is limited by the Code, and that it can only appoint them in cases in which it is specifically authorized so to do by the Code. If the Code had specifically mentioned in what cases in actions of partition receivers might be appointed, no one would contend that they could be appointed in other cases in such actions. And the Code does limit the authority to cases in which, by the usages in equity, receivers have been heretofore appointed. If this Court can ascertain in what cases in actions of partition receivers were appointed by the usages in equity, it is the duty of this Court to limit the exercise of the power to those cases; and as this is not within that category, the order made by the Court below was clearly in excess of its jurisdiction, and should be annulled.