[No. 14945.   In Bank. — July 12, 1892.]

R. B. WOODWARD, PETITIONER, v. THE SUPERIOR
COURT OF THE CITY AND COUNTY OF SAN
FRANCISCO, RESPONDENT.

PARTITION — SEPARATE ACTION FOR DIVISION OF PERSONAL PROPERTY
   VOID — ORDER OF JOINT SALE — EXPENSE OF RECEIVER. — Where real
   estate and personal property thereon respectively are owned by different
   parties, and are considered and disposed of by the court in two separate
   and independent actions, one of them being for a partition of the real
   estate, and the other for a sale of the personal property and a division
   of the proceeds, the court has no power, in the action for partition of the
   real estate, to link the two properties together in an order for a joint
   sale, or by such order to render the owners of the personal property an-
   swerable for any part of the expense incurred by a receiver in preserving
   the real estate, and such order of sale is wholly void.
ID. — ORDER OF SALE VOID UPON ITS FACE — PROHIBITION NOT ALLOWED.
   — Where the invalidity of an order of sale of property appears upon its
   face, a purchaser of the property takes no title, and the owners of the
   property are therefore not injured by a sale so as to warrant the issu-
   ance of a writ of prohibition to restrain it.
ID. — RECEIVER IN PARTITION — JURISDICTION — ERROR OF LAW — QUERY.
   — Whether the superior court has power to appoint a receiver in an ac-
   tion for partition, in the absence of facts of an equitable nature, super-
   added to the facts justifying partition, or whether the absence of such
   facts does not affect its jurisdiction to appoint a receiver. discussed but
   not decided.

APPLICATION to the Supreme Court for a writ of pro-
hibition to the superior court of the city and county of
San Francisco. The fact are stated in the opinion of
the court.

*Wilson & Wilson,* and *Estee, Wilson & McCutcheon,* for Petitioner.

*Dunne & McPike,* for Respondent.

PATERSON, J. — This is an application for a writ of prohibition commanding the respondent to refrain from further proceedings upon an order which has been made appointing a receiver in the case of *Woodward et al.* v. *Raum et al.,* and authorizing him to sell an undivided interest in the property.

The petition shows that the petitioner and Mary C. Raum, Helen J. Hutchinson, and Sarah B. Melone, were, on the 11th of February, 1888, the owners of certain real estate in the city of San Francisco, and known as Woodward's Gardens, and that on said day, petitioner, and Mary C. Raum, Ely I. Hutchinson, and Sarah B. Melone, were the owners of the personal property used in connection with said gardens, and consisting of animals, curiosities, pictures, statues, etc.; that on said 11th of February, 1888, petitioner and Sarah B. Melone commenced an action in which they prayed for a partition of said real estate, and if ·a partition could not be had without great prejudice, then for a sale of the premises, and a division of the proceeds among the parties according to their rights; that thereafter the defendants therein, Mary C. Raum and George E., her husband, Helen J. Hutchinson and Ely, her husband, filed an answer, in which they claimed that partition could be made without prejudice to the owners, and that a sale was unnecessary; that on March 5, 1891, after trial, the court decided that the land could be partitioned without prejudice to the owners, and adjudged that it be divided equally among them; that on September 1, 1888, said Ely Hutchinson and Mary C. Raum commenced an action against the petitioner and Sarah B. Melone for a sale of the personal property above referred to, and a division of the proceeds in accordance with the interests of the parties; that an answer was filed therein by the

defendants, in which they denied that said Ely Hutchinson was the owner of any interest in said personal property, and alleged that the one-fourth interest claimed by him was owned by his wife, said Helen J. Hutchinson; that the latter should be made a party to the action; that there was an action pending, in which the question was involved as to whether all the property, real and personal, should be sold in its entirety, and the proceeds thereof divided among the parties thereto, and that if the personal property should be sold separately from the land comprising Woodward's Gardens, it would bring very little money, whereas, if sold with and as a part of the gardens as a whole, the result would be greatly to the advantage of all the parties interested in the property; that on the fifth day of March the court rendered judgment in that action in favor of the plaintiffs, and decided that said Helen J. Hutchinson was not at the time of the commencement of the action the owner of the personal property, or any part thereof, and that the property was of such a character that partition in specie could not be had, and that it should be sold under the direction of the court, and the proceeds, after deducting expenses, be equally divided among the owners; that on the twenty-third day of May, 1891, the respondent, at the instance of said Sarah B. Melone and her husband, Drury Melone, and against the objections of these petitioners, appointed L. N. Daugherty receiver, with directions to take and keep possession of the property, real and personal; that a receiver was unnecessary, because it was not shown or claimed that said Sarah B. or Drury Melone had been excluded from possession of any of the property, or from any of the proceeds thereof, but that, on the contrary, petitioners had offered in writing to allow said Sarah B. and Drury Melone to take exclusive possession of all the property until final determination of the action, which offer was declined; that on the —— day of June, 1891, the court made an interlocutory decree in the action of *Woodward et al.* v. *Raum et al.*, directing a partition of the property among the

parties according to their respective interests; that on the —— day of June, 1891, a final decree was entered in the action of *Hutchinson et al.* v. *Woodward et al.*, directing that the personal property described in the complaint be sold at public auction, and after payment of the costs, that the proceeds be divided equally among the parties to the action; that thereafter said Sarah B. and Drury Melone moved for a new trial in each of said actions, which motions were denied, and from the orders and the interlocutory decree made in the case of *Woodward et al.* v. *Raum et al.*, and from the judgment in the case of *Hutchinson et al.* v. *Woodward et al.*, they appealed to this court; that in November, 1891, the receiver filed an account, showing his receipts and disbursements, to the approval of which petitioners filed objections, on the ground that the order appointing the receiver was in excess of jurisdiction, that the parties to the two actions were not the same, and the court had no power to adjudge that the property involved in one action was liable or chargeable for expenses incurred in preserving the property involved in the other action; and that these objections were overruled, and the court upon the evidence introduced ordered that the account stand approved; that on the nineteenth day of December, 1891, the court, against the objections of petitioners, made an order authorizing the receiver to borrow the sum of $494.64, the amount of indebtedness which he had incurred in caring for the property, and to issue therefor his certificate; that thereafter the receiver filed a second account, showing that the balance due him was the sum of $877.15, and this account was approved; that on the fourteenth day of January the receiver represented to the court that he had been unable to raise any money on the certificates authorized by the court, and that it was necessary to sell an undivided interest in all of the property to raise funds for the payment of expenses; that on the eighteenth day of January, 1891, the court, against the objection of petitioners, made an order authorizing the receiver to sell at public sale to the highest bidder for cash the

smallest undivided interest in the real and personal property that would realize, besides expenses of sale, the sum of $8,591.71, and to give his certificate therefor.

It is claimed that the order appointing the receiver, and the orders settling and allowing the receiver's account, and directing him to sell an undivided interest in the property, are all in excess of the jurisdiction of the superior court.

1. The superior court has *jurisdiction* to appoint a receiver in an action of partition. Section 564 of the Code of Civil Procedure provides that a receiver may be appointed by the court, — " 6. In all other cases where receivers have heretofore been appointed by the usages of courts of equity." The action of partition, " though regulated to a great extent by the statute, partakes more fully, both in respect to the remedies provided and the mode of procedure, of the principles and rules of equity than those of law " (*Gates* v. *Salmon*, 35 Cal. 593; 95 Am. Dec. 139; *Emeric* v. *Alvarado*, 90 Cal. 456); and whenever it appears necessary to protect the interests of all the parties during the prosecution of an action for partition, the court will, upon proper application, appoint a receiver. (17 Am. & Eng. Ency. of Law, 764; Beach on Receivers, sec. 492; *Goodale* v. *Fifteenth District Court*, 56 Cal. 29.)

It is claimed by the petitioners that no sufficient showing was made in the court below for the appointment of a receiver; but we think this is a matter which cannot be considered in this proceeding. The court had jurisdiction of the subject-matter and of the parties. It had the *power*, therefore, to hear and determine a motion for the appointment of a receiver, and its action thereon cannot be regarded as in excess of its jurisdiction. If error was committed, the law has provided an ample remedy. (*Wreden* v. *Superior Court*, 55 Cal. 504; *Clark* v. *Superior Court*, 55 Cal. 199; *More* v. *Superior Court*, 64 Cal. 346.) Where the petitioner "has a speedy and adequate remedy in due course of law, the writ cannot issue."

(*Murphy* v. *Superior Court*, 84 Cal. 596; High on Extraordinary Remedies, sec. 772.)

2. The order of sale is clearly void. The court had no power in the case of *Woodward et al.* v. *Raum et al.* to direct the sale of property involved in the case of *Hutchinson et al.* v. *Woodward et al.* The real estate and personal property respectively are owned by different parties, and were considered and disposed of by the court in two independent actions. The burden of maintaining the personal property cannot be put upon the owners of the real estate, nor could the court link the two properties together, and render the owners of the personal property answerable for any part of the expense incurred in preserving the real estate. If Mr. Hutchinson succeeded to the rights of his wife in the personal property, — and the court found that he did, — it needs no argument to show that no order could be made charging his property with the expenses incurred by the receiver in caring for property involved in another action to which he was not a party, and in which he had no interest. But the invalidity of the order of sale appears upon the face of the proceedings. The petitioners cannot, therefore, be injured by a sale. A purchaser would take no title, and could be treated as a trespasser. This being so, no case is made for the issuance of a writ of prohibition. (*Ex parte Braudlacht*, 2 Hill, 369; 38 Am. Dec. 593.)

The application is denied, and the writ is discharged.

GAROUTTE, J., concurred.

DE HAVEN, J., concurring. — We concur in the judgment upon the ground last discussed in the opinion of Mr. Justice Paterson. As to the other point relating to the question of the jurisdiction of the superior court to appoint a receiver of the property in the actions referred to, we express no opinion.

BEATTY, C. J., dissenting. — I dissent. In my opinion the writ of prohibition should be made peremptory. A sale of property under an order of court void on its face

will, of course, confer no title upon the purchaser, and there are remedies by which the owners may ultimately secure a judicial determination of the invalidity of the purchaser's claim, but in the mean time the marketable value of the property is impaired, if not destroyed, and this injury can be prevented in no other way than by prohibition. No other remedy is fully adequate to prevent injury.

But aside from this, I think the order appointing a receiver of the real property was an excess of jurisdiction.

The superior court has no power to appoint a receiver, except as authorized by the statute, and the only authority claimed for the court in this case is subdivision 6 of section 564 of the Code of Civil Procedure, which reads as follows: "In all other cases where receivers have heretofore been appointed by the usages of courts of equity." There has never been any usage of courts of equity to appoint receivers in actions for the partition of lands between co-tenants, unless, superadded to the facts justifying a partition, there were other facts of an equitable nature rendering such appointment necessary. In this case the petition shows affirmatively that no such facts existed in the action to partition the realty, and consequently there was no case for the appointment of a receiver of the realty. Without a case the power does not exist.

The decision in *Goodale* v. *District Court*, 56 Cal. 26, is entirely consistent with these views.