[L. A. No. 583. Department One.—March 18, 1899.]

HENRIETTA ANDERSON, Respondent, v. WILLIAM H. ANDERSON, Appellant.

DIVORCE—ACTION BY WIFE—DENIAL OF DIVORCE—DECREE FOR MAINTENANCE.—In an action by a wife for divorce for extreme cruelty of the husband, where it is alleged and found that the husband is a nonresident of the state, and has deserted the plaintiff, and that his conduct makes it impossible for her to live with him, that she is without means, while the husband owns properties of great value, both in the state and out of it, and that he is threatening, and has endeavored, to dispose of his property in order to deprive her of means of support, and the complaint prays for a division of common property, for a receiver, and for general relief, and the court finds that the conduct of the defendant did not amount to extreme cruelty, and denies a divorce, it has jurisdiction, under section 136 of the Civil Code, to grant a decree for maintenance of the plaintiff and of the children under her care, and to appoint a receiver to enforce the decree.

Id.—Pleading—Failure to Provide—Threat of Defendant.—Under the case made in the complaint, it was not necessary to charge a failure to provide the plaintiff with the necessaries of life; but the necessity of a separate maintenance is shown by an undenied averment that defendant was threatening to dispose of the property in order to deprive her of the means of support.

Id.—Custody of Minor Child.—The fact that the custody of a minor child is not awarded to the plaintiff by the decree, does not preclude an allowance for its support; and so long as the child is in the actual custody of the mother, and is supported by her, the husband cannot complain of the provision made for its support, which relieves him from further liability therefor.

Id.—Allowance for Invalid Adult Daughter.—An allowance may be made to the mother for the support of an invalid daughter under her care, who is past eighteen, and who is dependent upon her parents for support.

Id.—Wife's Condition in Life.—The wife's condition in life may always be considered in fixing the amount of maintenance.

Id.—Allowance not Excessive—Discretion.—In making an allowance to the wife for her maintenance, there is no settled rule to control the discretion of the trial court. An allowance of one hundred and fifty dollars to the wife out of an income of two hundred and thirty dollars derived from California property, besides the privilege of dwelling-house and furniture, is not excessive where the court finds that the husband has an income of four hundred and forty dollars per month from other property.

Id.—Property Out of State—Expenses—Indebtedness—Pleading—Finding.—The omission of the court to find as to the expenses of the property owned by defendant out of the state, and as to an alleged indebtedness of ten thousand dollars thereon, and as to whether the income of the property was gross or net, is immaterial, where the statements in the answer as to the expenses are too vague to be the subject of a finding, and the answer admits a valuation of forty-five thousand dollars, and a gross income of two hundred and eighty-seven dollars per month.

Id.—Appointment of Receiver.—A receiver may be appointed to enforce the decree for maintenance, where the pleadings admit that the husband has endeavored and is endeavoring to sell, or encumber his property in this state, and that he is a resident of another state, to which he is attached by large holdings of property therein, and cannot give personal attention to his properties in this state.

Id.—Appeal—Provision for Modification of Decree —Where there is no provision in the decree for maintenance for the modification or change thereof, upon any appeal from the judgment, the court will be required to modify it by providing therein that upon application of either party upon notice to the other, and

the proper showing therefor, it may modify or change the judg-
ment in such mode and to such extent as it may deem just, or
may set the judgment aside.

APPEAL from a judgment of the Superior Court of River-
side County and from orders appointing a receiver and denying
a new trial. J. S. Noyes, Judge.

The facts are stated in the opinion.

Charles R. Gray, and E. R. Annable, for Appellant.

E. B. Stanton, for Respondent.

PRINGLE, C.—Appeals from judgment and from order de-
nying motion for new trial and from order appointing a re-
ceiver. Action for divorce. The complaint alleges that plain-
tiff was married to defendant in New York, has resided for more
than eight years in California; there are six children living, the
two youngest being a daughter of nineteen and a son of eleven
years; charges extreme cruelty in many forms, growing out of
a morose and cruel disposition; alleges that defendant deserted
plaintiff in 1893 and went to live in New York; that defendant
is the owner of a block of land in the town of Riverside, con-
taining two and one-half acres, upon which are situated nine
dwelling-houses, value about eighteen thousand dollars, rent one
hundred and seventy dollars per month; also the northwest one-
quarter of another block with four dwelling-houses, value about
seven thousand five hundred dollars, rent sixty dollars per
month; also fifty-five acres of rancho San Bernardino, planted
in deciduous trees, no income; also personal property, consisting
of household furniture of the value of two thousand dollars, a
mortgage given by R. J. Mills for fifteen hundred and twenty-
five dollars, and mortgage of six hundred dollars by Archie
Brook; that all of the above is community property; that de-
fendant is the owner of real properties in the city of Brooklyn,
state of New York, of the value of fifty thousand seven hundred
dollars, rents four hundred and forty dollars per month; that
plaintiff is in indigent circumstances and has no means or income
except what may be derived from the rents of these houses in
Riverside; alleges upon information and belief that "the defend-

ant has endeavored to sell, convey, transfer, and encumber portions of the premises above described, thereby to deprive her of a livelihood and support, and is now endeavoring to make such transfers or encumbrances"; prays for divorce and the custody of the minor child; that a portion of the common property be set apart to plaintiff and that defendant be enjoined from disposing of or in any manner encumbering the property, and that a receiver be appointed to take charge of the property, receive the rents, et cetera; with prayer for general relief. The answer denies cruel treatment and morose and ungovernable temper; admits that he has not lived with her as her husband since August, 1893, but denies that his living apart from her was without provocation; alleges that "by reason of the unfortunate condition of things surrounding defendant he became addicted to the use of intoxicants and was more or less under their influence from day to day," but denies that plaintiff was in great fear of him in that condition; alleges that the property in the state of California is all his separate property, having been purchased with funds acquired by him in the state of New York as his separate property under the laws of that state; that the mortgage given by Archie Brook for six hundred dollars has been paid up and the money properly expended for medical services and payment of debts; that defendant is indebted in the sum of ten thousand and seven dollars in the state of New York; denies the values put upon the properties in Brooklyn and the rents stated, and alleges that after paying taxes, water rates, repairs, and insurance and interest on the debt, the income is nearly exhausted and furnishes very little toward the support of either himself or family. The answer does not deny the values or rents of the California properties or the charge made in the complaint that defendant has endeavored to sell, convey, transfer, or encumber portions of the property to deprive plaintiff of a support, and is now endeavoring to make such transfers or encumbrances; does not deny that plaintiff is without means.

The court finds that the defendant was morose and suspicious, and unjustly accused plaintiff of want of chastity; was unreasonable and abusive; that such conduct was wholly due to jealousy and a morose disposition; that defendant was not other-

wise intentionally cruel in his conduct toward plaintiff; that this action was commenced by plaintiff under the belief that defendant was endeavoring to sell and dispose of his property; that she did not wish to obtain a divorce except for the purpose of preserving the property; that plaintiff has always conducted herself in a proper and blameless manner, and used her best efforts to conciliate the defendant, "that since the month of August, 1893, without any reason, cause, or excuse, defendant has refused to live with plaintiff. That since said date and before said date defendant has given but very little or no attention to the care of the property mentioned and described in plaintiff's complaint. He has allowed the property to be controlled by agents, and has given it no personal attention. Defendant has not been engaged in any business. He has been reckless and extravagant in his expenditures and has squandered large sums of money, and his estate has become seriously impaired by his extravagance and reckless expenditure. He has shown no reasonable disposition to support or maintain plaintiff or his children, but has shown a disregard of the rights of plaintiff and his children to support. His conduct toward plaintiff and his children has been willful and intentional. . . . . He has shown no disposition or desire to resume marital relations with plaintiff or to live with her, and the conduct of defendant toward plaintiff has been, and is, unjustifiable and renders it impossible at present for them to live together. His conduct shows that he is unwilling to support his wife and children, and that he has tried to avoid supporting them and to squander, dispose of, and encumber the property upon which they are dependent for support. That the property in California is sufficient, if properly administered, to provide for the support and maintenance of plaintiff and the children and to yield a surplus, after paying the expenses of maintenance of said property and the support of plaintiff and her children, toward the support of defendant, and in addition the defendant has the entire management and control of all the property situated in the state of New York, described in paragraph XV of the plaintiff's complaint. That it is apparent that the defendant, if allowed the control of the property in California, will not provide for the maintenance and support

of the plaintiff and his children, but will recklessly squander said property and ignore their rights."

The court finds that all the property in the state of California is the separate property of the defendant, and finds that two of the children, Harry and Etta, the daughter, are dependent upon plaintiff and defendant for support, and have heretofore been and now are supported by plaintiff and are residing with her.

From the above facts the court holds that the conduct of the defendant did not amount to extreme cruelty, and that plaintiff is not entitled to a divorce; that plaintiff is entitled to a reasonable support and maintenance out of the property of defendant for herself and the two children, the daughter and son; that a receiver be appointed to take charge of and manage the property; that plaintiff be paid by the receiver one hundred and fifty dollars per month for the support of herself and children, and be allowed the use of the house at Riverside occupied by her, and the household furniture.

Judgment is entered in accordance with the conclusions of law, and charges all the real properties with a lien in favor of the plaintiff to secure the payment of the maintenance awarded to her. The judgment recites that the mortgages of Mills and Brook had been paid.

The appellant contends that under these pleadings the plaintiff is not entitled to decree for maintenance, and that the court has gone outside of the issues to make a case for maintenance. But the case comes within section 136 of the Civil Code, as settled in *Hagle v. Hagle*, 68 Cal. 588. The wife charges that the husband has left her without cause, and charges conduct on the part of the husband which the court finds makes it impossible for her to live with him, alleges her own want of means, and prays that a portion of what she claims to be the common property be awarded to her, and prays for general relief. Under the case made in the complaint it was not necessary to charge a failure to provide the plaintiff with the necessaries of life. And, if it were, the necessity of a separate maintenance is shown by the undenied averment that defendant was threatening to dispose of the property in order to deprive her of the means of support.

The point is made that the custody of the minor child is not awarded to the plaintiff, and for that reason nothing should be allowed for his support, and also that the daughter is of age, and nothing should be awarded for her support. So far as the minor child is concerned, it is found that he is in the custody of the mother and is supported by her. As long as this state of facts continues the father has no reason to complain; for by the provision thus made for the support of the son he is relieved from liability himself. The case is different with the daughter. In her case it appears from the findings that she is residing with her mother, and that, although of age, she is dependent upon her parents for support. Section 136 provides that though judgment of divorce is denied the court may, in an action for divorce, provide for the maintenance of the wife "and her children, or any of them." It has been held under a statute of Oregon, somewhat analogous, that the word "children" must be construed to mean "minor children." (*Fitch v. Cornell,* 1 Saw. 156.) But the court adds: "The reason is they are no longer in the custody or under the control of their parents, nor are the latter bound to maintain them except under peculiar circumstances arising from poverty or sickness." The same intimation appears in *Snover v. Snover,* 13 N. J. Eq. 261, where the chancellor says: "From the evidence now before the court I incline to the opinion that if the daughter continues in health the allowance for her support should cease when she attains the age of eighteen. I will hear an application on this ground from the father at the proper time." And so in the present case, under any change of circumstances, with reference either to son or daughter, the court may at any time make a modification of the judgment, if it hold that under the circumstances of the case the presence of the children influences the amount of the allowance. In this connection section 206 of the Civil Code is important, in the line of the intimations of the Oregon and New Jersey courts. That section provides that it is the duty of the father and mother of any poor person, who is unable to maintain himself by work, to maintain such person to the extent of their ability. In view of the finding that the daughter is dependent upon her parents for support, we must presume that from ill-health or other cause she is "unable to main-

tain herself by work." It does in fact appear in the testimony, without objection, that the daughter is an invalid.

From the above reasons, which are sufficient to support the judgment on this point, it becomes unnecessary to determine whether, under section 136, the court may not, in granting a maintenance, properly take into consideration the size of the family, adult or minor, which the husband has left with his wife in his home, as an element entering into "her condition in life," which may always be considered in fixing the amount of maintenance.

It is insisted that the allowance of one hundred and fifty dollars to the wife out of an income of two hundred and thirty dollars derived from the California property of the husband is excessive, the privilege of dwelling-house and furniture being also allowed to her. There is no settled rule which can be invoked in such a case to control the discretion of a trial court; and there is nothing here to show abuse of discretion. It is claimed that there is a fatal omission to find whether the income of the New York property as established by the findings is gross or net, or to find the amount of expenses to which it is subject, or the amount of indebtedness of the husband. The income is found to be about four hundred and forty dollars per month, and the value of the property about fifty thousand seven hundred dollars. The answer does not state definitely the amount of expenses to which the income is subject, but only that after paying interest and other expenses the income will "furnish very little toward either the support of himself or his family." It states an indebtedness of ten thousand and seven dollars; but admits a valuation of property in New York to the amount of forty-five thousand dollars, with gross income to the amount of two hundred and eighty-seven dollars per month. Under these circumstances, it cannot be said that the omission to find as a fact the existence of the indebtedness stated in the answer is material. The trial court evidently did not so regard it. The statements in the answer as to the expenses of the property are too vague to be the subject of a finding.

A more serious question is the necessity of the appointment of a receiver in the case. Section 140 of the Civil Code provides that the court may require the husband to give reasonable se-

curity for making any payments required, and may enforce the same by the appointment of a receiver, or by any other remedy applicable to the case. It is charged in the complaint, and not denied in the answer, that the husband has endeavored and is endeavoring to sell and transfer or encumber his property and thereby to deprive the wife of a support.

The defendant is a resident of the state of New York.

Where so much is necessarily committed to the discretion of the trial court, depending in each case upon its estimate of the character of the parties, as exhibited in matters too numerous or too trivial to go into the record, we cannot say that there was an abuse of discretion in this case in the appointment of a receiver. That the defendant was a nonresident of this state, attached to his residence in New York by large holdings of property, is a strong circumstance tending to make a receivership the most natural, as well as the most effective, method of enforcing compliance with the order for maintenance. And the severity of the method devised is mitigated by the fact that he did not, as from his nonresidence he could not, give personal attention to his properties in this state, and left them to the management of agents. Under the management of a receiver, judiciously appointed and subject to the control of the court, the properties may be well managed and the rights of both parties protected. These considerations probably tended to influence the judgment of the court below.

I advise that the judgment and the order denying motion for new trial and the order appointing a receiver be affirmed.

Britt, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion, the order denying motion for new trial and the order appointing a receiver are affirmed.

The superior court is, however, directed to modify its judgment by providing therein that upon the application of either of the parties to the action, upon notice to the other, and the proper showing therefor, it may modify or change the judgment in such mode and to such extent as it may deem just, or may set the judgment aside.

Van Dyke, J., Harrison, J., Garoutte, J.

Hearing in Bank denied.