[Civ. No. 6287.   Second Appellate District, Division Two.—July 16, 1929.]

O. E. BOYD et al., Petitioners, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

O'Melveny, Tuller & Myers, Haas & Dunnigan and Horace S. Wilson for Petitioners.

Tompkins & Clark, D. L. Ault and John A. Hewicker for Respondents.

STEPHENS, J., *pro tem.*—An alternative writ of prohibition issued out of this court in the usual form, directing the defendants to desist and refrain from taking further proceedings in the case entitled *W. F. Carpenter et al.* v. *O. E. Boyd et al.*, No. 228593, pending in defendant court until a certain return date upon which defendants were directed to show cause why defendants herein "should not be restrained and prohibited absolutely from any further proceedings in said action."

This writ was issued upon a petition which alleges that the judge who heard the case in the Superior Court was about to sign findings of fact and conclusions of law, and a judgment based therein wherein a valuation of certain corporate stock was made notwithstanding the fact that the value of such stock was neither the subject of allegations, prayer or proof in the case. The petition also alleges that the above referred to findings of fact and conclusions of law on their face support a personal money judgment against petitioners and in favor of two certain persons who are plaintiffs in the case for all of the stockholders and not as individuals, and that the referred to proposed judgment was to that effect. That the issue of such stock had never been authorized by the corporation commissioner and was, therefore, illegal and void. That the money judgment is so large that the petitioners can neither pay it nor stay execution thereon by giving a bond on appeal.

While it is not necessary here to go into detail of facts, it should be borne in mind that the Superior Court action was for an accounting against trustees of the affairs of a business enterprise and that the stock referred to was stock of the corporations owning the business and was also in the trust. The complaint in said action also asks that a return of the business and the capital stock be decreed and in the absence of defendants' ability to do so, that a money judgment be given for the value thereof. After submission of the case the judge caused a minute order to be entered by the clerk, which is in words and figures as follows, to wit:

"It seems quite clear to me that a return of plaintiffs' stock to them and a restoration of their interests to Carpenters, Inc., and to Carpenter's Stationery Store, Inc., and also of the interests in and control of said two corporations to the said plaintiffs, is not only impracticable but also practically impossible, a money judgment is the only adequate remedy afforded plaintiffs. The judgment will be as contended for by plaintiffs, towit: $158,792.06. Defendants' compensation will be the ownership and the control of the business converted by them and the profits derived therefrom since December 31, 1928.

"J. O. MONCUR, Judge."

The reply of the defendant judge to the petition states positively that he now realizes that an individual judgment would be beyond the issues of the case and that he has no intention of signing any findings or judgment in favor of any plaintiff as an individual, and in the oral argument all parties agree that this phase of the matter is out and we shall so consider it.

Petitioners, however, contend that, their allegations as regards the value and legality of the stock and the impossibility of petitioners to pay or stay the proposed judgment, having been denied in respondents' reply to the petition, these issues should be made the subject of a reference.

It will be unnecessary to go further than merely mention that the writ prayed for here is a prerogative writ and its issue appeals to the sound discretion of the court, that the writ of prohibition is not a writ of error and should not be used as such. That as a general rule the writ should not issue until the fact finding court has had every reasonable opportunity to correct its error (assuming for present purposes there is error) and that the statutory provisions for a new trial and for appeal are for that purpose. That pending a motion for a new trial, the trial court has the power to stay proceedings. That proposed findings and judgment may be followed by proposed amendments thereto.

Petitioners have the right to ask for a new trial, setting out to the trial court the alleged errors. They may await the signing of findings, etc., and a judgment, and then ask for a new trial and a stay of proceedings pending its determination. They may appeal. They may propose

amendments to the proposed findings, etc., and judgment, which would reveal the alleged errors. Petitioners have done none of these things. It seems to us that the circumstances of this case do not place petitioners in such peril that the extraordinary assistance of the writ of prohibition is reasonably required.

The sworn reply of the respondent judge states "That when plaintiffs' supplemental findings and final decree were received by respondent, respondent cursorily looked them over and then put them aside to await any proposed amendments which might be presented by defendants, and did direct counsel for plaintiffs to serve said proposed supplemental findings and final decree upon counsel for defendants." (Page 8, Resp. Amd. Ans.) This is but a statement of the usual procedure of a trial judge and there is no presumption that a trial judge will sign any proposed finding or judgment that is presented to him. The presumption will be indulged in that he will await proposed amendments as the law contemplates he shall do and then accept such and reject such of both as he pleases. In the end, the findings and judgment are the court's. While the petition alleges that the court will sign the proposed documents, both sides of this controversy accept the judge's return that he will not sign the proposed documents with the personal money judgment contained therein. There seems to be no good reason why they should not accept his statement, which is, in effect, that he was not about to sign the proposed documents, but was awaiting a proper time to consider them. If trial courts are not to be accorded this privilege or right, the reviewing courts of the state will be called upon to issue writs in innumerable cases where litigants think the court will go wrong.

Petitioners greatly rely upon the recent case of *Baar* v. *Smith*, 201 Cal. 87 [255 Pac. 827]. In that case the trial court not only issued execution where execution was legally restrained by appeal, but included in the judgment, orders and directions far outside of the pleadings, the proof and admissions by the victorious parties to the action. Assistance through the writ of prohibition was urgently necessary to protect the rights of defendants. We do not read the Baar case as affecting the general principles hereinabove mentioned or as overruling the principles applied in *Amos*

v. *Superior Court,* 196 Cal. 677, 681 [239 Pac. 317] , *Woodward* v. *Superior Court,* 95 Cal. 272, 276 [30 Pac. 535] , *Wreden* v. *Superior Court,* 55 Cal. 504, *Lange* v. *Superior Court,* 11 Cal. App. 1 [103 Pac. 908], *Clark* v. *Superior Court,* 55 Cal. 199, and *George* v. *Beatty,* 85 Cal. App. 525 [260 Pac. 386], the latter case being in *mandamus.*

The petition as it stands modified by concessions made after respondents' return does not appear to us to require any reference or to justify the issuance of the writ prayed for.

The writ is discharged and the proceedings dismissed, neither of the parties to have judgment for costs against the other.

Craig, Acting P. J., and Thompson (Ira F.), J., concurred.