[L. A. No. 12004. In Bank.—June 12, 1931.]

CHRIS CHALTA, Respondent, v. PETER BILLER, Appellant.

Hugh A. McNary for Appellant.

Loucks & Phister for Respondent.

THE COURT.—This appeal is from an order appointing a receiver in an action instituted by plaintiff against the defendants for the partition of certain personal property alleged to be in the possession of the defendants and with reference to which the plaintiff alleged himself to be the owner of an undivided one-half interest by virtue of his purchase from the executor of the last will and testament of one George Soulas, deceased, of the latter's original half interest in said personal property. The plaintiff alleged in his complaint that the defendants were not financially responsible and were wasting said property and converting the same to their own use and would continue to do so unless a receiver was appointed to take charge of, conserve and sell the same. Upon the filing of the complaint the plaintiff by motion duly

filed and served applied for the appointment of such receiver. The parties and their counsel appeared and were heard in response to the motion, and thereupon the court made an order appointing one R. E. Allen receiver of said property and directed him to take possession, preserve, and if necessary sell the same, and report to the court. The defendant Peter Biller appeals from such order upon a bill of exceptions which sets forth the proceedings leading up to the making of said order, and has filed his opening brief upon his appeal. The respondent has presented no brief in reply and has not responded to an order to show cause issued herein. Nevertheless, we are of the opinion that there is no merit in the appeal. The appellant as the main basis of his argument in support of his appeal assumes that Peter Biller, Louis Biller and one George Soulas, deceased, were partners in the restaurant property involved in this action and that upon the decease of Soulas Peter Biller and Louis Biller, as the surviving partners therein, were entitled to the possession of the business and property for the purpose of winding up the partnership, and that the court had no right to appoint a receiver of the property with power to interfere with the possession of the surviving partners while they were engaged in winding up the affairs of the concern. ■ The difficulty with this contention consists in the fact that it nowhere appears from the record herein that the original parties in the ownership of the property were partners, or were interested therein otherwise than as the owners of undivided shares and interests therein. This being so, the argument and authorities presented by appellant in support of his contention have no application to the facts of this case. The plaintiff, as the owner by purchase of the undivided interest of George Soulas, deceased, had an equal right with the defendants to the possession of said property, and had a right to have the same partitioned, and in the meantime, while his action for that purpose was pending, to have the property protected against waste and loss, through the appointment of a receiver. ■ The appellant, however, urges that he is entitled to have the order appointing such receiver reversed because of the fact that there were certain allegations in the verified complaint, upon the basis of which the order for such appointment was made, which purported to be upon informa-

tion and belief, and that this being so such averments would not suffice as a basis for the making of the order. The answer to this contention would seem to be that it appears from the face of the record herein that the appellant and his counsel appeared and were heard upon the hearing of the motion for the appointment of such receiver, and that there is nothing in the record to show that any objection was made to the proposed order appointing the receiver upon that ground. It was incumbent upon the appellant preparing and presenting the bill of exceptions to show affirmatively that the court was in error in making the order appealed from, and this the appellant has failed to do.

No error appearing upon the face of the record, the order appealed from is hereby affirmed.