[Civ. No. 10730. First Appellate District, Division Two.—March 11, 1938.]

AL. H. LENT et al., Respondents, v. H. C. MORRIS COM-
PANY (a Corporation), Appellant.

Dunn, White & Aiken, Carlos G. White and B. R. Aiken for Appellant.

Woolsey & Huovinen for Respondents.

NOURSE, P. J.—This is an appeal by defendant H. C. Morris Company from an *ex parte* order appointing a receiver.

Plaintiffs and defendant, as tenants in common, owned the Federal Realty building in Oakland, valued at about $400,000, and bringing in an income from rentals of about $2,000 per month. Plaintiffs' half interest in the building was encumbered with a $55,000 trust deed. Morris Company had the control and management of the building. Plaintiffs sued for partition on a complaint filed January 20, 1936. The *ex parte* application for appointment of a receiver was granted the same day, and the order appointing the receiver was filed the following day. Seven days later Morris Company moved to vacate, set aside, and revoke the order of appointment and, upon denial of this motion after a full hearing, it appealed from the order of appointment.

Appellant's points are argued under 12 main headings, attacking the propriety of the *ex parte* receivership, the jurisdiction of the court and the sufficiency of the showing upon which the order was made. Respondents urge that the appointment was a proper exercise of discretion by the court below. Respondents further urge that this appeal must now be decided against appellant because of its failure to show injury from the receivership. In connection with this latter contention, the following further facts, disclosed on the motion to dismiss the appeal herein, should be noted:

The main action for partition was tried in June, 1936. Pursuant to stipulation of the parties there was entered on February 11, 1937, an interlocutory decree and order declaring the respective rights in the property, that partition could not be made without great prejudice to the owners, and therefore ordering the property sold at public auction, and appointing a referee to conduct the sale. No appeal was taken from this decree, and it has become final for all purposes. Pursuant thereto the referee auctioned the property. It

was purchased by the Morris Company, the sale being confirmed on March 29, 1937, upon an increased bid of $150,000. The order confirming the sale specified, among other things, the termination of the duties of the receiver. The receiver's duties were terminated as of April 1, 1937. He had managed the property for some fifteen months, paid all maintenance charges, paid about $3,500 in taxes, and had a balance on hand of $8,300, having made no repairs and having done no reconditioning work.

Respondents urge that any questions as to the propriety of the appointment of the receiver have become moot and abstract by reason of the settlement of all issues as aforesaid; further that the fact that appellant for a period of ten months withheld from filing the bill of exceptions used in this appeal and during all of that time permitted the receiver to carry out his duties without objection, and the record of the receiver while in control of the property would indicate not only that the receiver was greatly needed, but that he made a good job of it.

Appellant replies that the questions presented by this appeal are not moot by reason of the conclusion of the main controversy; that the decision on this appeal will affect substantial rights of the parties still undetermined, such as: liability for the fees and charges for services claimed by the receiver against appellant; the apportionment to be made of more than $8,000 in rental money in the hands of the receiver, and some $2,500 additional rentals uncollected during his administration. If the appointment of the receiver was without the jurisdiction of the court, as appellant contends, the substantial compensation claimed by him would not constitute a charge against appellant but only against the person who wrongfully procured the appointment.

 The following applicable rules of law on the merits of the case are settled: A superior court has jurisdiction to appoint a receiver as an ancillary remedy in an action for partition of real property between tenants in common. (Sec. 564, Code Civ. Proc.; 22 Cal. Jur., p. 448, sec. 25; *Goodale* v. *Fifteenth District Court*, 56 Cal. 26, 32; *Chalta* v. *Biller*, 212 Cal. 745 [300 Pac. 821]; 20 R. C. L., p. 769.)

 The main action being one in equity (20 R. C. L., p. 757; *Goodale* v. *Fifteenth District Court, supra*), which the superior court had jurisdiction to hear and determine,

the court will determine all the issues in order to do complete justice. (*Watson* v. *Sutro,* 86 Cal. 500, 528 [24 Pac. 172, 25 Pac. 64]; *Hendrickson* v. *Bertelson,* 1 Cal. (2d) 430, 434 [35 Pac. (2d) 318]; *Davies* v. *Ramsdell,* 40 Cal. App. 432 [183 Pac. 702].)

■ The appointment may be made "*ex parte*" and without notice if the "imperative necessity" or emergency is shown in the petition or supporting affidavits. (Sec. 566, Code Civ. Proc.; *Real Estate Associates* v. *Superior Court,* 60 Cal. 223, 227; *Nichols* v. *Nichols,* 135 Cal. App. 488, 492 [27 Pac. (2d) 414]; *Huellmantel* v. *Huellmantel,* 124 Cal. 583, 589 [57 Pac. 582].)

Since the power to appoint "*ex parte*" lies in the superior court, the question on appeal is not one of jurisdiction, but of error, and, as such, is limited to the inquiry whether the trial court abused its discretion. (23 R. C. L., pp. 39, 40; *Sunset Farms, Inc.,* v. *Superior Court,* 9 Cal. App. (2d) 389, 405 [50 Pac. (2d) 106]; *Anderson* v. *Anderson,* 124 Cal. 48, 56 [56 Pac. 630, 57 Pac. 81, 71 Am. St. Rep. 17].)

■ An appellate court is never justified in substituting its discretion for that of the court sitting *nisi prius.* Its power is limited to the determination whether there has been such an abuse of discretion that it has resulted in a miscarriage of justice. (Const., art. VI, sec. 4½; *Davies* v. *Ramsdell,* 40 Cal. App. 432, 433 [183 Pac. 702]; *Sunset Farms, Inc.,* v. *Superior Court, supra.*)

■ The real basis of appellant's complaint is that the trial court abused its discretion in making the appointment without notice, when notice might easily have been given. It is not seriously contended that this is a case where a receiver should not have been appointed under any circumstances. Much of the reason behind appellant's complaint is lost by the fact that, within seven days after the appointment, it made a motion to vacate the order and that it was given a full hearing before the motion was denied. There is nothing in the case which shows a want of jurisdiction. The pending emergency and the necessity for the appointment were matters which the trial court was called on to decide, and appellant has failed to show that there was such an abuse of the discretion then exercised that this court should set aside the order.

Furthermore, the full record now before us discloses that appellant was benefited materially by the appointment, that it acquiesced therein by its long and unreasonable delay in bringing this appeal to issue, and that it has shown no prejudicial error warranting a reversal of the order.

The order is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 9, 1938, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 9, 1938.