[Civ. No. 14888.   Second Dist., Div. Two.   July 10, 1945.]

MARY ELIZABETH McMAHON, Respondent, v. LEO CHARLES McMAHON, Appellant.

Action for divorce. Judgment for plaintiff affirmed.

Chris Wilson for Appellant.

Leo Friedman for Respondent.

MOORE, P. J.—The sole question for decision is whether the court abused its discretion in denying defendant's motion to set aside the order of his default.

On October 18, 1944, defendant was served with the summons and copy of the complaint in this action for divorce and on the same day filed his voluntary appearance, stipulated that the action might be heard as a default and waived all of his rights under the Soldiers' and Sailors' Civil Relief Act. Immediately thereafter he departed from the State of California for the city of Minneapolis to visit his parents. The default of the defendant was duly entered on October 30 and the interlocutory decree was filed on November 22, 1944, whereby plaintiff was awarded custody of the two minor children and the defendant was ordered to continue "the present allotment to plaintiff for the support of the minor children."

On November 3, basing his motion upon the grounds of "mistake, inadvertence and excusable neglect," defendant moved the court to vacate defendant's default and to allow the filing of his answer which was attached to the motion. "From the order denying defendant's motion to vacate waiver and set aside default and from the judgment entered pursuant thereto," comes this appeal.

While it is the policy of the law to encourage the trial of litigated matters upon the merits (*Waite* v. *Southern Pac. Co.*, 192 Cal. 467 [221 P. 204]), at the same time the appellate courts do not interfere with a decision unless it appears that the court has abused its discretion in making the judgment or order. There is no indication that the motion to vacate the default herein was not seriously considered. Im-

pliedly the court found upon substantial evidence that defendant suffered no mistake, inadvertence, surprise, or excusable neglect. He is a sound, healthy, intelligent, mature person and a college graduate. He was not suffering from any form of hypnosis or oppression. The purpose of his executing the voluntary appearance and waiver was fully explained to him at the time he was served with the summons and the complaint was fully read to him. At the time of his conference with plaintiff and her counsel and of his receipt of service he was intelligibly apprised of the contents of the decree to be entered. He was told that a decree of divorce would be demanded by plaintiff and he then and there consented that the custody of the minor children should be awarded to their mother. He waived his right to a delay under the cited federal statute after hearing an explanation of his rights thereunder. In view of such proof we are unable to discern any vice in the exercise of a sound discretion by the trial court. (*Scheibe* v. *Scheibe*, 57 Cal.App.2d 336 [134 P.2d 835]; *Rilcoff* v. *Rilcoff*, 57 Cal.App.2d 888 [135 P.2d 687]; *Lent* v. *H. C. Morris Co.*, 25 Cal.App.2d 305 [77 P.2d 301].)

The order and the judgment are affirmed.

Wood (W. J.), J., and McComb, J., concurred.