[No. 4429.]

THE PEOPLE EX REL. BONFILS ET AL. V. THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT, JOHNSON, JUDGE, ET AL.

1. PROHIBITION—JURISDICTION.

The writ of prohibition will only issue to prevent the action of a lower court when the lower court is without jurisdiction in the matter complained of, or is acting in excess of its jurisdiction, and where the complainant has no adequate remedy at law.

2. JURISDICTION—DISTRICT COURTS— GRAND JURIES—PROHIBITION.

The district court has authority to impanel a grand jury and errors committed in the procedure of impanelling such grand jury do not deprive the court of jurisdiction, even though such errors should be so gross and irregular as to require that an indictment found be quashed. Neither is it in excess of the jurisdiction of the court to excuse jurors who are not disqualified or exempt by the statute although such power be so erroneously exercised as to render an indictment found invalid. Such alleged errors of the district court cannot be investigated upon an application for a writ of prohibition, and do not entitle one accused of crime to a writ of prohibition to prevent such grand jury from acting.

3. PRACTICE—INDICTMENT—MOTION TO QUASH—STATUTORY CON-STRUCTION.

The provision of Mills Ann. Stat. § 1433 to the effect that no indictment shall be quashed because of the disqualification of any member of the grand jury, does not prevent the quashing of indictments for errors and irregularities in impanelling a grand jury, which go directly to the validity of the proceedings.

*Original Proceeding on Application for Writ of Prohibition.*

Mr. A. B. SEAMAN, Mr. MILTON SMITH and Mr. THOMAS WARD, Jr., for petitioners.

Mr. PLATT ROGERS and Mr. HENRY F. MAY, for respondents.

*Per Curiam.*—The object of this proceeding is to secure an order prohibiting the respondent judge and

the grand jury now impaneled and sworn in the district court of Arapahoe county from considering any matter affecting the relators, or returning indictments against them.   In support of their application, the relators allege that the first twelve names drawn from the jury box were not separated from the others, as required by 3 Mills Ann. Stat. § 2618 a.; that no names were legally or regularly drawn from which to impanel a grand jury; and a great many acts of the respondent judge with respect to the selection of the grand jury are set forth with much particularity. It is charged that the respondent judge arbitrarily excused many persons who were not exempt or disqualified under the statutes; that, in the selection of the grand jury, the said respondent judge was prejudiced against the relators; and that his purpose and object in so excusing jurors was to secure a grand jury which would find indictments against the relators.. That in attempting to empanel a grand jury from the persons whose names remained in the jury box after a petit jury had been drawn therefrom, and in excusing jurors not exempt or disqualified, and in causing others to be drawn and summoned to take the places of those excused, the court exceeded its jurisdiction, and for that reason the grand jury is an illegal one.

The authorities cited by counsel concerning the right to challenge grand jurors appear to sustain the position that one bound over to await the action of a grand jury, or one having notice that an accusation against him is to be considered by a grand jury, has a right by the common law to challenge the jurors, if he appears and asks such right.   This right to challenge grand jurors is so limited in its scope and of such little practical utility to persons charged or

liable to be charged with criminal offenses that it is practically an unknown proceeding in this state. The challenges which such person may make are of two sorts, a challenge to the array and a challenge to the poll. The challenge to the array is a formal objection to the entire panel for some illegality in the drawing, summoning, or impaneling of it. The challenge to the poll is a formal objection to one or more of the individual members for some disqualification designated by statute. It is not a ground of challenge that a juror has formed or expressed an opinion as to the guilt of the accused. And, finally, the right of challenge is not, so far as we have been able to ascertain, a proceeding under which the trial judge may be himself put upon trial, or required to pass upon, or consider, the truth or falsity of charges of bias, partiality, or unfairness made against himself.

It has been uniformly held by this court that the only question to be considered in applications of this kind is that of jurisdiction, and that if the inferior tribunal had jurisdiction to do the act complained of, the writ of prohibition would not issue. The granting of the writ of prohibition rests in the sound discretion of the court. The writ is not a writ of right; and it cannot be converted into a writ of error. The writ issues whenever the lower court is without jurisdiction, or having jurisdiction, is acting in excess of its jurisdiction, and there is no adequate remedy at law. So that, when the jurisdiction of an inferior tribunal is challenged by a proceeding of this character, it is never proper to inquire whether or not the usual remedies of the law are applicable and adequate to redress the wrongs complained of, until it is first determined that such tribunal did not have jurisdiction to render the judgment or to do the act of

which complaint is made. In cases where it appears that the lower court had no jurisdiction, the writ will not go if, in the opinion of the court, the complainant has an adequate remedy at law. Therefore, the question to be first determined is the one concerning ing jurisdiction. Many authorities are cited by counsel in support of their contention that the indictment is invalid if the grand jury was not a legally constituted body, and that a defendant cannot be legally prosecuted upon an indictment found by a grand jury illegally drawn. These propositions appear to have the support of many courts and textwriters, but they are applicable and material only in cases where such questions are properly before the court. In the cases cited these questions were raised in the lower court in the first instance, and in the appellate court upon appeal and error. The California case is the only one in which the question was presented to the appellate court in an application for a writ of prohibition. This court has frequently defined jurisdiction to be in effect, the power of a court to determine the particular matter before it. If a court has the power to determine such matter, then mere error in disposing of it results in nothing more than an erroneous judgment, based upon an erroneous view of the law. The district court is by law vested with authority to impanel a grand jury. In performing this function, it may commit error by failing to observe the statutory or the common-law provisions relative to impaneling grand juries, but having by law the authority to impanel grand juries, errors in procedure, however flagrant, do not cause the court to lose jurisdiction, even though such errors should be so gross and irregular as to require that an indictment found be quashed. Nor can it be said to be in

excess of the jurisdiction of the court to excuse jurors who are not disqualified or exempt by the statute. The court has certain inherent powers in matters of procedure not fully or adequately covered by statute; and in the exercise of such powers in impaneling a grand jury, it will hardly be contended that the judge may not excuse an intoxicated person, or one who cannot speak or understand the English language (except he be qualified under Mills Ann. Stat. § 2590) or one who is blind or deaf, notwithstanding there is no statutory provision which authorizes the excusing of such persons. If the judge, in the exercise of this inherent power, can excuse for any cause or reason not enumerated in the statute, then he is the judge of what is a sufficient ground for excusing, or discharging, a juror, and the erroneous exercise of such power cannot be said to be in excess of his jurisdiction, although he may thereby commit grave error, the result of which would be to render an indictment found invalid. If the errors of a trial judge in determining matters within his jurisdiction could be investigated in this court by original proceedings, then every mistake made by an inferior tribunal would be followed by an application to this court, and causes would be tried peacemeal.

The case of *Bruner v. Superior Court*, 92 Cal. 239, is the only one called to our attention which supports the proposition of counsel for relators that prohibition should issue to stop further proceedings in a case where a grand jury has been irregularly impaneled. In that case the judge of the superior court of San Francisco had caused a grand jury to be summoned by an elisor appointed by him, though the sheriff had not been challenged as incompetent. After the jury was impaneled and sworn, and an in-

dictment returned against the relator, prohibition was issued by the supreme court to prevent the trial of the relator on the indictment. Of the seven members of the court, four concurred in finding the indictment null and void and the grand jury an illegally constituted body; all of the members agreed that the superior court had erred in directing the grand jury to be summoned by an elisor; three dissented, and filed opinions in which they assert that, notwithstanding the error, the grand jury was a *de facto* grand jury, and that in so impaneling it the court had not exceeded its jurisdiction. The view of the dissenting judges, that the irregularity in summoning the grand jury did not render the indictment null and void and thus subject to collateral attack, is the rule which prevails in this jurisdiction, and we must decline to be guided by the California case.

It is urged by counsel that on account of the provisions of Mills Ann. Stat. § 1433, they can not raise the question presented in this application after indictment, and that because they are denied by this statute the right to question the regularity of the summoning and impaneling of the grand jury, this court should interfere by prohibition. As we have already stated, we think we should not interfere, conceding the position of counsel to be correct. An examination of this section, however, convinces us that the position of counsel is not tenable. The language of this section is to the effect that no indictment shall be quashed because of the disqualification of any member of the grand jury returning it. This does not go to the question of errors and irregularities in impaneling a grand jury, but is limited, in our opinion, to the one that if a grand juror does not possess the qualifications prescribed by the statute

an indictment shall not be quashed for that reason alone. It is also stated in this section, that "no motion in arrest of judgment or writ of error shall be sustained for any matter not affecting the real merits of the offense charged in such indictment." However broad this language may be, the proposition cannot be overlooked, that a person charged with an offense cannot legally be put upon trial unless a valid indictment or information has been returned against him, so that, whatever matters may be included in this provision, it certainly does not include those which go directly to the validity of the proceedings against him. If irregularties which invalidate such proceedings, wherever occurring, are called to the attention of the court in apt time and in an appropriate manner, they must be considered. It certainly was never intended that the questions which the relators raise in this case, in support of their application, with respect to the action of the respondent judge in impaneling a grand jury, can not be raised if an indictment should be returned; or reviewed by this court on error, in the event a motion to quash based upon these grounds should be overruled and a trial and conviction follow.

We appreciate the full force of the argument of counsel for relators, that if the acts complained of are of such nature that an indictment returned against their clients would be invalid, they should not be put to the expense of subsequently raising that question or obliged to suffer the consequences naturally following the return of an indictment against any person; but, as we have endeavored to point out, proceedings in prohibition can only arrest the action of an inferior tribunal when it is acting without, or in excess of, its jurisdiction.

For the reasons assigned, the application for prohibition is denied.