[Civ. No. 616.  First Appellate District.—November 13, 1908.]

In the Matter of the Application of JACKSON HATCH, for Writ of Prohibition.

PROHIBITION—VALIDITY OF GRAND JURY INDICTING PETITIONER—JURIS-
DICTION OF SUPERIOR COURT—REMEDY BY APPEAL.—Upon an applica-
tion for a writ of prohibition, the validity of a grand jury which
found an indictment against the petitioner cannot be reviewed.  It
is sufficient that it was drawn and impaneled under the forms of
law, and under the direction of the court having jurisdiction to im-
panel it, and to determine the question of its validity, and having
determined its validity against the petitioner, his sole remedy for
any error in its determination is by appeal.

ID.—VALIDITY OF INDICTMENT BY DE FACTO GRAND JURY.—An indict-
ment by a *de facto* grand jury, acting under color of lawful au-
thority, is as regular and valid as one found by a *de jure* grand jury.

PETITION for writ of prohibition to the Superior Court of Santa Clara County.  J. R. Welch, Judge.

The facts are stated in the opinion of the Court.

Walter H. Linforth, for Petitioner.

COOPER, P. J.—Petitioner asks for a writ of prohibition, directed to the superior court of Santa Clara county, and to Hon. J. R. Welch, one of the judges thereof, to stay the proceedings and the trial of the petitioner upon an indictment charging him with the crime of embezzlement, committed in the manner and at the time and place stated in the said indictment.

The writ of prohibition will be issued only in cases where the court is exceeding or is about to exceed its jurisdiction, and there is no plain, speedy and adequate remedy in the ordinary course of law.  (Code Civ. Proc., secs. 1102, 1103; *Cross* v. *Superior Court*, 2 Cal. App. 342, [83 Pac. 815].) Jurisdiction is the power to hear, determine and pronounce judgment upon the issue before the court.  It is not claimed that the court is not the proper court in which the offense should be tried; nor is it denied that the court has the power to try the defendant for the crime of embezzlement as charged in the indictment.  The petition alleges and states that after the court had made an order on the thirty-first day of Jan-

uary, 1908, designating the number of grand jurors for the ensuing year, that the order was not made selecting and listing the grand jurors immediately, nor until the twenty-ninth day of February, 1908; that the order for drawing the grand jury did not designate the time at which the drawing would take place; that the jury was drawn under and by the method provided for drawing trial jurors, and not in the manner provided for drawing grand jurors; that the list was served by one Bray, who was not a deputy sheriff, because, it is said, Langford was not the sheriff of Santa Clara county, and that Bray was acting as deputy of Langford; that three jurors were improperly excused from the grand jury-room, and that the district attorney was guilty of improper conduct in expressing to the grand jury his opinion as to the guilt of petitioner.

We are asked in this proceeding to investigate and pass upon the question as to whether or not the body of men who found the indictment constituted a valid, constitutional grand jury. It is sufficient to say that such body of men had been drawn by the clerk from the grand-jury box from the list selected and ordered by the court, and that after they were drawn they were summoned, impaneled, sworn and charged with the duties of a grand jury by and under the direction of the court vested with the power to impanel such grand jury. That court was and is a court of record of superior jurisdiction. It is its peculiar function to pass upon all questions that may be legally brought before it as to the regularity or validity of the grand jury that found the indictment in this case. It has the power in a proper case to hear and determine the question as to whether or not the grand jury is a legally constituted body. It has heard the question in this case by a motion to dismiss the indictment; and having jurisdiction to hear such question it had jurisdiction to determine it either way; and it cannot be said that, because the court determined that it was a valid grand jury, it is now proceeding in excess of its jurisdiction. If the court in such determination committed error, that is a matter that can be corrected on appeal, but the jurisdiction of the court continues. It continues for the purpose of deciding all questions, whether it decides them right or wrong. The questions sought to be raised and determined here relate to the method of procedure in impaneling

the grand jury. We are asked to consider the sections of the code, and the methods adopted by the court, and determine whether or not the court committed error in the method of impaneling the said grand jury. We are also asked in this proceeding to collaterally determine the question as to whether or not the sheriff, who was recognized as such by the superior court of the county of Santa Clara, and to whom the list of jurors was directed, was the legal sheriff of said county.

It appears plain from the above statement that, if the grand jury was not regularly impaneled and selected, still it would not be an invalid body so as to make an indictment found by it void. Of course, if a body of men, without the sanction of law—such as the members of a baseball team, the directors of a corporation, or any other body of men without the pretense of legal authority, should assume to act as grand jurors, and return an indictment, and the superior court should proceed to the trial of defendant under such indictment, then the question would be quite different. The indictment in such case would be held to be waste paper, and not to vest the court with jurisdiction.

In *Levy* v. *Wilson*, 69 Cal. 105, [10 Pac. 272], a writ of prohibition was asked for on the ground that the grand jury was not a legal grand jury because formed partly from a special venire and not from the names in the grand-jury box. The court held that the trial court did not follow the correct practice in filling the panel, but denied the writ, and in the opinion said: ''There was no excess of jurisdiction in the order made for the special venire. . . . As they were qualified to sit as grand jurors, and were recognized by the court and sworn as a grand jury, the indictment found by it against the petitioner is a good indictment.''

In *In re Gannon*, 69 Cal. 541, [11 Pac. 240], the invalidity of the grand jury was sought to be invoked in a contempt proceeding to punish a person for refusing to testify before it. It was claimed that the term of the grand jury had expired by law, and that such grand jury was continuing to act when, under the statute, it has ceased to exist. The court said that if it were to be so assumed, such fact would not ''affect its authority to act. As an organized grand jury it would be competent to act under color of authority. Having been appointed to office and having taken the oath of office, the in-

dividual members are officers of the court, not only *de jure,* but *de facto,* and their acts are valid, so far as public rights are concerned, although the title under which they perform those acts may be questionable. It is therefore sufficient to maintain the authority of a grand jury that it has acted under color of lawful authority. An indictment found by a *de facto* grand jury is as regular as one found by a *de jure* grand jury.''

This case was followed and approved in *People* v. *Leonard,* 106 Cal. 302, [39 Pac. 617], in which case the court said: ''The fact that the grand jury was organized in November, 1893, and found the indictment against the defendant in January, 1904, does not render it invalid. . . . The action of the grand jury may be considered valid until discharged by the court or by operation of law; and it was said the expiration of a year did not effect such discharge by operation of law.''

The subject is very fully and ably discussed in *People* v. *Petrea,* 92 N. Y. 128; and it was there held that an indictment found by a jury of good and lawful men, selected and drawn under color of law, and recognized by the court, and sworn as a grand jury, is a good indictment within the sense of the constitution, although the law under which the selection was made is void. The court there said: ''The grand jury, although not selected in pursuance of a valid law, were selected under color of law and semblance of legal authority. The defendant in fact enjoyed all the protection which he would have had if the jurors had been selected and drawn pursuant to the general statute. Nothing could be more unsubstantial than the alleged right asserted by the defendant under the circumstances of the case. He was entitled to have an indictment found by a grand jury before being put upon his trial. An indictment was found by a body summoned and sworn as a grand jury, before a competent court, composed of good and lawful men. This we think filled the constitutional guarantee. The jury which found the indictment was a *de facto* jury, selected and organized under the forms of law. The defect in its constitution, owing to the invalidity of the law of 1881, affected no substantial right of the defendant.''

In *Eastham* v. *Holt,* 43 W. Va. 599, [27 S. E. 883, 31 S. E. 259], it was held that prohibition would not lie when the grand jury was impaneled by a court having jurisdiction, al-

though irregularities existed as to the impanelment of such jury. See further, Thompson & Merriman on Juries, sec. 140; 1 Wharton's Criminal Law, sec. 472; *United States* v. *Ambrose,* 3 Fed. 287; *People* v. *District Court,* 29 Colo. 87, [66 Pac. 1068].

Petitioner relies upon *Bruner* v. *Superior Court,* 92 Cal. 239, [28 Pac. 341]. That case appears to have been based upon the fact that the court below had no power to appoint the elisor who summoned the jury. The opinion was by a divided court, three justices, including the chief justice, dissenting. The case does not appear to have been followed in any other case to which our attention has been called; and the later case of *People* v. *Leonard,* 106 Cal. 302, [39 Pac. 617], was signed by the justice who wrote the prevailing opinion in the Bruner case.

Counsel also relies upon *Terrill* v. *Superior Court* (Cal.), 60 Pac. 38. In that case a demurrer had been sustained to an indictment found by a grand jury; and the court made an order resubmitting the matter to the same grand jury which had found the indictment to which the demurrer had been sustained. The case was based upon section 1008, Penal Code, which provides that if a demurrer is allowed it is a bar to another prosecution, unless the court "directs the case to be submitted to another grand jury, or directs a new information to be filed." The matter was not resubmitted to another grand jury, and under the plain provisions of the section the learned judge who wrote the opinion held that the order sustaining the demurrer was a bar to another prosecution by the same grand jury. It is plainly seen by an examination of the case that the judge who wrote the opinion entertained the same views as we have expressed, because it is said in the opinion: "This is not a case where a grand jury, irregularly impaneled, acting under the semblance of right and lawful authority, but in the procedure affording every advantage to the accused he would have enjoyed had the proceeding been regular, has presented an accusation to a court having jurisdiction to try him (*People* v. *Petrea,* 92 N. Y. 128); nor is it an irregular assemblage of men legally qualified to act and who do act under the control of the proper court. Here the grand jury had no authority to act at all in the matter. The jurors were not qualified to act, and that fact was a matter

9 Cal. App.—22

of record." The decision is placed upon the correct principle that the body of men that found the indictment, under the provisions of the statute, had no power to act. That is not the case at bar.

We therefore conclude that the court is not exceeding its jurisdiction, and the writ is denied.

Kerrigan, J., and Hall, J., concurred.