[Civ. No. 618. Third Appellate District.—July 10, 1909.]

CHARLES LANGE et al., Petitioners, v. SUPERIOR COURT, etc., for the County of Solano, et al., Respondents.

PROHIBITION—JUDGMENT FOR CONTEMPT—VIOLATION OF INJUNCTION— REMEDY BY APPEAL FROM INJUNCTIVE ORDER.—A writ of prohibition will not lie to restrain the execution of a judgment for contempt for the violation of an injunction, where the court did not exceed its jurisdiction in granting the injunction, or in its judgment for contempt for the violation thereof, and it appears that defendant had a plain, speedy, and adequate remedy by appeal from the order granting the injunction.

ID.—JURISDICTION TO GRANT INJUNCTION PENDING SUIT—SUFFICIENCY OF COMPLAINT AND PROOF.—The jurisdiction of the court to grant an injunction *pendente lite* does not depend upon the sufficiency of the complaint or the proofs made to sustain the writ. If it committed error in granting the writ upon an insufficient complaint, or made a wrong decision as to the sufficiency of the proofs made, the only remedy for such error was either by motion to dissolve the writ, or by appeal from the order granting the same.

ID.—NATURE OF JURISDICTION.—Jurisdiction is the power to hear and determine, and does not depend upon the regularity of its exercise, or upon the rightfulness of the decision made by the court.

ID.—WRONG DECISION NOT QUESTIONABLE UPON PROHIBITION.—A wrong decision by the court as to pleading or evidence cannot be inquired into upon prohibition to restrain a judgment for contempt in violating an injunction.

ID.—LAW AS TO WRIT OF PROHIBITION.—It is a principle of universal application, and one which lies at the very foundation of the writ of prohibition, that the jurisdiction is strictly confined to cases where no other remedy exists.

11 Cal. App.—1        (1)

APPLICATION for Writ of Prohibition to the Superior Court of Solano County. A. J. Buckles, Judge.

The facts are stated in the opinion of the court.

Morrisey & Jocks, and Keogh & Olds, for Petitioners.

F. R. Devlin, for Respondents.

BURNETT, J.—Petitioners are two of the defendants in an action pending in said superior court in which the Vallejo Ferry Company (a corporation) is plaintiff.

In the complaint the said corporation, among other things, alleged "that on the eighteenth day of March, 1896, the city of Vallejo by Ordinance No. 132 of ordinances of said city" (a copy of the ordinance being set out in the complaint) "in consideration of the sum of $10,151 paid said city of Vallejo by one William Whitney, duly granted, sold and conveyed to said William Whitney and to his assigns, the franchise, right, privilege and authority to construct, keep and take tolls upon a public ferry running between said city of Vallejo and the United States Navy Yard at Mare Island for the term of twenty years from said date, which said ordinance and grant of franchise has ever since March 18, 1896, been, and now is, in full force and effect. That on or about the twenty-eighth day of March, 1896, said William Whitney duly granted, bargained, sold and conveyed said ferry franchise and all his rights under said franchise and ordinance to the Vallejo Ferry Company, plaintiff herein, and plaintiff ever since March 28, 1896, has been and now is, the sole owner and holder of said ferry franchise and of all the rights and privileges granted to said William Whitney by said ordinance and by said city of Vallejo." Then follow the allegations that ever since said date the plaintiff, by virtue of said franchise and ordinance, has operated said ferry, and that said defendants, without any franchise or license, have for the past year established and conducted a ferry between said points, and have carried passengers and freight contiguous to and within one mile of plaintiff's ferry, and that these acts of defendants have resulted in substantially diminishing plaintiff's business and the value of its franchise, and that de-

fendants threaten to continue to maintain said ferry. The prayer was for an injunction and for damages. The complaint was verified.

Afterward, on March 10, 1909, upon affidavits, an injunction *pendente lite* was issued commanding the defendants "to absolutely desist and refrain from running, operating, maintaining or conducting a ferry or boats for the transportation of passengers, goods or merchandise from the city of Vallejo or from any point within one mile of the ferry landing of said plaintiff without first obtaining a franchise or license therefor, until further order of this court."

Thereafter, on the fifth day of April, 1909, the plaintiff filed an affidavit charging the defendants with a violation of said injunction, and praying for an order directing that they show cause why they should not be adjudged guilty of contempt and punished therefor. The order was made and it and the affidavit upon which said order was based were served upon said defendants. In pursuance thereof, and in response to said order, on April 9, 1909, the defendants appeared by counsel and filed their affidavits, and the matter was thereupon heard and the defendants were found guilty of violating said injunction and were declared to be in contempt of said court, and were ordered to appear on the twentieth day of April for judgment and sentence.

Thereupon application was made to this court for a writ of prohibition to restrain respondent from passing judgment upon said defendants or either of them. An alternative writ was issued, and upon the return thereof an answer was filed by respondent denying some of the allegations of the petition, but, as we understand it, there is no controversy between the parties as to the material facts—the difference being rather as to the legal conclusion to be drawn therefrom.

The application of petitioners for a peremptory writ should be denied for two reasons: First, it does not appear that the court exceeded its jurisdiction in any respect, and, second, petitioners have a plain, speedy and adequate remedy in the ordinary course of law of which they should have availed themselves. (Code Civ. Proc., secs. 1102, 1103.)

It is evident from the recital already made of the allegations of the complaint that the superior court of Solano county had jurisdiction of the subject matter of the litigation.

The action is admittedly one in equity, and the acts of which complaint is made were committed within the territorial limits of said county. If plaintiff had the franchise and was being deprived of the fruits of it as alleged in the complaint, it cannot be and really is not disputed that the superior court of Solano county is the proper tribunal under the code for the redress of plaintiff's grievance.

Again, there is no question but that plaintiff complied with the requirement of the statute (Code Civ. Proc., sec. 527) in obtaining the injunction. The sufficiency of the affidavit upon which the order was based is, indeed, not challenged, and it appears that proper service was made upon petitioners. The subsequent proceedings, also, culminating in the finding of the court that petitioners were guilty of contempt were strictly in accord with the provisions of the law. The act complained of was "disobedience of a lawful order of court," and therefore punishable as a contempt. (Code Civ. Proc., sec. 1209.)

It was not committed in the immediate view and presence of the court or of the judge at chambers, and therefore an affidavit was presented, reciting the facts showing a disobedience of the said order. Petitioners filed counter-affidavits raising an issue of fact which the court determined against them.

It thus appears from beginning to end that no element of jurisdiction is lacking, and therefore petitioners are mistaken in their remedy, if they are entitled to any. Their argument, indeed, proceeds from a misconception of the meaning of "jurisdiction." They argue that jurisdiction is wanting because the complaint is defective and because there was a failure of proof of the violation of the injunction. Neither of these considerations is involved in the question before us.

Jurisdiction is "authority to hear and determine a cause. Since jurisdiction is the power to hear and determine, it does not depend upon the regularity of the exercise of that power or upon the rightfulness of the decisions there made." (17 Am. & Eng. Ency. of Law, p. 1041.)

In the matter of the *Estate of James*, 99 Cal. 376, [37 Am. St. Rep. 60, 33 Pac. 1123], it is said: "If the facts stated in the complaint are not sufficient to entitle the plaintiff to the relief demanded therein and awarded by the judgment, the

action of the court in deciding otherwise and rendering its judgment in accordance with the prayer of the complaint can be nothing more than error. (*Head* v. *Daniels,* 38 Kan. 1, [15 Pac. 911] ; *Rowe* v. *Palmer,* 29 Kan. 337; *Frankforth* v. *Anderson,* 61 Wis. 107, [20 N. W. 662] ; Van Fleet's Collateral Attack, sec. 61. See, also, *Blondeau* v. *Snyder,* 95 Cal. 521, [31 Pac. 591].)''

In *Brush* v. *Smith,* 141 Cal. 469, [75 Pac. 55], it is said: ''Whether the complaint states a cause of action or not was for the court of original jurisdiction to determine, and it was within the province of such court to allow the pleading to be amended. If the court below should hold a complaint sufficient, when as a matter of law it failed to state facts sufficient to constitute a cause of action, such ruling would be erroneous, but nevertheless the court had jurisdiction. It had jurisdiction to determine the question and to determine it wrong as well as right. If it committed error the remedy was by appeal.''

It is equally well settled that a wrong decision by a court as to the sufficiency of the evidence to support a finding cannot be questioned in this proceeding. (*Beaulieu Vineyard* v. *Superior Court,* 6 Cal. App. 250, [91 Pac. 1015] ; *Wreden* v. *Superior Court,* 55 Cal. 504.)

We deem it therefore unnecessary to discuss either the authority of the board of trustees of the city of Vallejo to grant the said franchise, as it involves simply a question of the sufficiency of the complaint, or the adequacy of the showing made as to the violation of the injunction by petitioners. Besides, as stated by counsel at the oral argument, the case was set for an early trial and the validity of said ordinance can be properly adjudicated in the regular way.

Again, if petitioners believed the trial court had improperly granted the injunction, they should have moved to have it dissolved or should have appealed from the order granting it. The practice of violating such an order, taking the chances on a favorable decision by a higher court on application for a writ of prohibition when there is a remedy by appeal, should not be countenanced. The contention of petitioners would be entitled to greater consideration, indeed, if any effort had been made to secure a modification or dissolution of said injunction, or if petitioners, upon a showing

of great loss to themselves in case of its continued operation, had applied for its suspension until the cause could be determined upon its merits. At any rate, they should not have courted the penalty for disobedience of a deliberate order of an important judicial tribunal, but should have pursued the ordinary course.

In *Agassiz* v. *Superior Court,* 90 Cal. 103, [27 Pac. 50], it is said: "Petitioners had the right to appeal from the order refusing to dissolve the attachment, and would have an appeal from any final judgment in the case; and such an appeal being a 'plain, speedy and adequate remedy in the ordinary course of law within the meaning of section 1103 of the Code of Civil Procedure,' prohibition does not lie. A remedy does not fail to be speedy and adequate because by pursuing it through the 'ordinary course of law' more time would probably be consumed than in the proceeding here sought to be used. And it makes no difference that in this instance a question of jurisdiction incidentally depends upon the validity of an attachment. If that were so, then in every ordinary civil action, wherein a defendant chose to raise a point of jurisdiction, either of the person or of the subject matter, he could by prohibition stop the ordinary progress of the action toward a judgment until this court had passed upon the intermediate question; and thus this tribunal would, in innumerable cases, be converted from an appellate to a *nisi prius* court."

Therein is quoted with approval the rule as stated by High on Extraordinary Legal Remedies, section 770, as follows: "Like all other extraordinary remedies, prohibition is to be resorted to only in cases where the usual and ordinary forms of remedy are insufficient to afford redress. And it is a principle of universal application, and one which lies at the very foundation of the law of prohibition, that the jurisdiction is strictly confined to cases where no other remedy exists; and it is always a sufficient reason for withholding the writ that the party aggrieved has another and complete remedy at law."

The order to show cause is therefore discharged and the peremptory writ is denied.

Chipman, P. J., and Hart, J., concurred.