[S. F. No. 11090. In Bank.—July 18, 1924.]

TRUCK OWNERS & SHIPPERS, INC., et al., Petitioners,
v. SUPERIOR COURT OF THE STATE OF CALI-
FORNIA, IN AND FOR THE COUNTY OF SAN
DIEGO et al., Respondents.

[1] AUTOMOBILE TRUCK TRANSPORTATION COMPANIES—TRANSPORTATION
OF FREIGHT — INJUNCTION — CONTEMPT — JURISDICTION. — The su-
perior court has jurisdiction of a suit in equity for an injunction
restraining defendants from transporting freight over highways
by motor-truck for compensation between certain points without
having obtained from the Railroad Commission a certificate of
public convenience and necessity as required by the Auto Stage
and Truck Transportation Act (Stats. 1917, p. 330), until they
have secured such certificate from said commission, where the
commission has not acted in the matter; and said court has
jurisdiction of a proceeding in contempt against the defendants
for an alleged violation of the injunction issued by the court
in the action.

[2] ID.—CONSTRUCTION OF CONSTITUTION—GOVERNING BODY.—The su-
perior court is not a "governing body" of a county within the
meaning of that term as used in section 23 of article VII of
the constitution; and by the enumeration of the public agencies
whose powers over public utilities shall cease and the failure to
include the superior court, it must be assumed that it was not
intended to include the latter as coming within such automatic
divestiture; nor have the constitution and statutes expressly or im-
pliedly divested the superior court of its entire jurisdiction in
cases affecting public utilities.

[3] ID.—PUBLIC UTILITIES ACT—JURISDICTION OF COURTS.—By reason
of the provisions of section 67 of the Public Utilities Act the
superior court has no jurisdiction, when the Railroad Commission
has acted, to review, reverse, correct, or annul any order or de-
cision of the commission, jurisdiction in such matters being exclu-
sively in the supreme court.

[4] ID. — LACK OF JURISDICTION OF SUPERIOR COURT. — The superior
court has no jurisdiction to enjoin, restrain, or interfere with the
Railroad Commission in the performance of its official duties; nor
has it jurisdiction to compel the commission to act, as that right
is vested solely in the supreme court.

[5] ID.—EXTENT OF JURISDICTION.—If the superior court has jurisdic-
tion to entertain an action, it has the power to define the right
sought to be protected, jurisdiction being the power to hear and
determine; and it is not contingent upon the regularity of its
exercise, nor upon the correctness of the decision, but if the

judgment is incorrect it may be reversed on appeal, but not on prohibition.

[6] ID. — CONTROL OF PUBLIC UTILITIES — LEGISLATIVE POLICY. — The question of exclusive control of public utilities is primarily one of legislative policy subject to constitutional grant or limitation, and where the courts have been denied or have refused to take jurisdiction, it was the legislative policy to relegate all such action to the commission having jurisdiction to entertain the same.

(1) 13 C. J., p. 46, sec. 62; 32 C. J., p. 287, sec. 458.   (2) 12 C. J., p. 707, sec. 52; 15 C. J., p. 92.   (3) 10 C. J., p. 55, sec. 41 (1926 Anno.).   (4) 32 C. J., p. 287, sec. 458.   (5) 15 C. J., pp. 723, 729, 810, secs. 13, 26, 106 (1926 Anno.).   (6) 12 C. J., pp. 850, 887, secs. 338, 390.

APPLICATION for a Writ of Prohibition to restrain the Superior Court of San Diego County from enforcing a judgment by contempt proceedings.   Writ denied.

The facts are stated in the opinion of the court.

Marshall Stimson and Noel C. Edwards for Petitioners.

Henry J. Bischoff for Respondents.

Hugh Gordon, Carl I. Wheat, Attorneys for Railroad Commisson as *Amicus Curiae.*

SHENK, J.—This is an application for a writ of prohibition to restrain the superior court of San Diego County and the Honorable W. P. Cary, judge thereof, from taking further proceedings in the matter of the enforcement of a judgment, and particularly with reference to a citation for contempt, in an action pending in said court.

The Coast Truck Line, a corporation, commenced an action in the respondent court against M. Haydis, Truck Owners & Shippers, Inc., a corporation, and Haydis Forwarding Company, a corporation, wherein the complaint alleged, so far as pertinent here, that the plaintiff was a corporation engaged in the business of transporting freight for compensation over the public highways between the cities of San Diego and Los Angeles and between other points in the counties of San Diego and Riverside; that the plaintiff had applied for and obtained from the Railroad Commis-

sion a certificate of public convenience and necessity authorizing it to operate motor-trucks for the transportation of property for compensation on and over said highways, pursuant to the provisions of "An Act providing for the supervision and regulation of the transportation of persons and property for compensation over any public highway by automobiles, jitney busses, auto trucks, stages and auto stages, etc." (Stats. 1917, p. 330, and referred to as the Auto Stage and Truck Transportation Act); that the defendants were engaged in the business of transporting freight by autotruck for compensation between Los Angeles and San Diego without having obtained from the Railroad Commission a certificate of public convenience and necessity as required by said act; that the defendants were soliciting business from the customers and patrons of the plaintiff, were depriving the plaintiff of much business that would otherwise come to it, and if such practice were to continue the plaintiff would suffer great and irreparable injury. The plaintiff prayed for an injunction restraining the defendants from transporting freight by motor-truck for compensation between the points mentioned in the complaint. After trial of the cause on the merits the court found the foregoing allegations of the complaint to be true except as to the defendant Haydis, and of date March 4, 1924, rendered judgment restraining the defendant companies from operating autotrucks for transportation of property for compensation on said public highways in competition with the plaintiff until they shall have obtained from the Railroad Commission a certificate declaring that public convenience and necessity require such operation. Thereafter, for an alleged violation of the injunction, the court issued an order requiring the defendant Haydis Forwarding Company, its officers and agents, to show cause why they should not be adjudged guilty of contempt of court. Application was then made to this court for a writ of prohibition wherein the petitioner sets forth the pendency of the action in the respondent court and the proceedings for the enforcement of the judgment therein. It is also alleged in the petition that the Truck Owners & Shippers, Inc., is a nonprofit co-operative corporation and that its business is the transportation of freight over the public highways for its members only; that no freight other than the freight of its mem-

bers is by it so transported,. and that the Haydis Forwarding Company is a member of Truck Owners & Shippers, Inc. The answer of the defendants in the pending action is not before us, but it is assumed, in view of the findings of the court, that one of the issues determined by the court was whether or not the defendant companies, petitioners herein, were transportation companies as contemplated by the said Auto Stage and Truck Transportation Act (Stats. 1917, p. 330) and were doing business as such. The court found against the petitioners on that issue and also found that they were subject to supervision and regulation by the Railroad Commission. It is alleged in the return of the respondents herein and is not denied that the Railroad Commission has never exercised any jurisdiction over the said petitioners.

[1] It is the contention of the petitioners that the superior court had no jurisdiction to determine the cause now pending before it and, therefore, no jurisdiction to entertain the contempt proceedings to avoid which this application is made. It is urged that the constitutional amendment enlarging the powers of the Railroad Commission and the acts of the legislature passed pursuant thereof show an intention on the part of the people of this state and of the legislature to provide a complete scheme for the determination by the Railroad Commission of all transportation questions within the purview of said amendment and acts and that the jurisdiction of the Railroad Commission thereunder with reference to such questions is exclusive.

The superior court is a court of general jurisdiction and its jurisdiction in equity is conferred by the constitution. In section 5 of article VI the constitution provides: "The superior court shall have original jurisdiction in all cases in equity. . . . " The cause pending in the respondent court is a suit in equity and that court has jurisdiction to hear and determine the same and to enforce its judgment therein unless it has been divested of such jurisdiction by some provision of the constitution or by the legislature acting in pursuance of some constitutional authority. It is not seriously contended by petitioners that the amendment to the constitution relating to the Railroad Commission and to public utilities (art. XII, secs. 22, 23) contains language sufficient in itself

to divest the superior court of its equity jurisdiction to hear and determine a cause involving a complaint against a transportation company, but it is insisted that because of the broad powers lodged in the legislature under said section 23 and its exercise of such powers in the enactment of the Public Utilities Act (Stats. 1915, p. 115) and the said Auto Stage and Truck Transportation Act, the sole recourse of the plaintiff in the injunction suit was to file its complaint with the Railroad Commission and there have its rights determined. A brief outline of the provisions of the constitution and the statutes relied upon by petitioner will, therefore, be indicated.

Section 22 of article XII of the constitution provides that the Railroad Commission shall have power to hear and determine complaints against transportation companies. Section 23 of the same article provides that "from and after the passage by the legislature of laws conferring power upon the railroad commission respecting public utilities all powers respecting such public utilities vested in boards of supervisors, or municipal councils, or other governing bodies of the several counties, cities and counties, cities and towns, in this state . . . shall cease so far as such powers shall conflict with the powers so conferred upon the railroad commission." Said section 23 also provides that the legislature shall have the right to confer upon the Railroad Commission power respecting public utilities unlimited by any provision of the constitution. Section 31 of the Public Utilities Act vests in the Railroad Commission the power and jurisdiction to supervise and regulate every public utility in the state and to do all things necessary and convenient in the exercise of such power and jurisdiction. Section 54 authorizes the commission to issue certain writs and all process necessary in proceedings in contempt in like manner and to the same extent as a court of record. Section 60 authorizes the commission of its own motion or on behalf of others to hear and determine any complaint against a public utility claimed to be in violation of law or any order or rule of the commission. Section 61 (a) gives the commission power to conduct hearings in matters within its jurisdiction and to make and file its order containing its decision. Section 65 makes the orders and decisions of the commission final in all collateral actions and proceedings.

Section 67 provides for a writ of review in the supreme court to determine only whether the commission has regularly pursued its authority or violated any provision of the state or federal constitutions. This section further provides: "No court of this state (except the supreme court to the extent herein specified) shall have jurisdiction to review, reverse, correct or annul any order or decision of the commission, or to suspend or delay the execution or operation thereof, or to enjoin, restrain or interfere with the commission in the performance of its official duties; provided that the writ of *mandamus* shall lie from the supreme court to the commission in all proper cases." Section 72 makes it the duty of the commission to see that the provisions of the constitution and statutes affecting public utilities, the enforcement of which is not vested in some other officer or tribunal, are enforced and obeyed. Section 75 authorizes the commission to direct its attorney to proceed in the superior court against any public utility, either by way of *mandamus* or injunction, where, in its opinion, the public utility is failing or refusing to do anything required of it by law. Section 80 provides that the attorney of the commission shall bring actions in the superior court to recover penalties accruing under the act. The Auto Stage and Truck Transportation Act in section 1 defines a "transportation company" as one engaged in the business of transporting persons or freight by automobile, stage, or truck for compensation over the public highways "between fixed termini or over a regular route" and not operating exclusively within the limits of an incorporated city and that a finding of the commission as to whether a transportation company is so operating shall be final and shall not be subject to review. In section 4 power and authority to supervise and regulate every transportation company in the state is vested in the commission. Section 5 prohibits any transportation company from operating on the public highways without first having obtained from the commission a certificate declaring that public convenience and necessity require such operation. Section 7 adopts the provisions of the Public Utilities Act as to applications and complaints "made and filed with the railroad commission, process issued, hearings held, opinions, orders and decisions made and filed, petitions for rehearings filed and acted upon, and petitions for writs

of review or mandate filed with the supreme court of this state, considered and disposed of by said court. . . . ''

It may be assumed that under the broad grant of powers to the legislature by the constitution, that legislative body has the authority to divest the superior court of all jurisdiction respecting the control or activities of public utilities, but the question is: Has it done so?

[2] It is clear that the superior court is not a ''governing body'' of the county within the meaning of the term thus used in section 23 of article VII of the constitution and that by the enumeration of the public agencies whose powers over public utilities shall cease and the failure to include the superior court, it must be assumed that it was not intended to include the latter as coming within such automatic divestiture. Also, from a consideration of the foregoing constitutional and statutory provisions, it must be conceded that neither the constitution nor the legislature has expressly divested the superior court of its entire jurisdiction in cases affecting public utilities. But the petitioners contend that from a general survey of the law as a whole it must be concluded that a general plan has thus been devised and put into operation which has by implication divested the superior court of such jurisdiction and lodged in the Railroad Commission full and complete and exclusive jurisdiction in such matters, including the right to entertain the complaint of the plaintiff in the injunction suit against the defendants therein, coupled with the exclusive right to determine whether the petitioners are transportation companies operating ''between fixed termini or over a regular route'' and that the decisions of this court have upheld the view that the jurisdiction of the Railroad Commission is exclusive.

[3] It is no longer a subject of controversy that by reason of the provisions of section 67 of the Public Utilities Act the superior court has no jurisdiction when the commission has acted to ''review, reverse, correct or annul any order or decision of the commission.'' Jurisdiction in such matters is exclusively in the supreme court (*Pacific Telephone etc. Co.* v. *Eshleman*, 166 Cal. 640 [Ann. Cas. 1915C, 822, 50 L. R. A. (N. S.) 652, 137 Pac. 1119]). In that case it was contended that the attempt of the legislature to confer upon the supreme court exclusive jurisdiction to review

such proceedings and thus deprive the superior court of its constitutional jurisdiction in *certiorari* was in itself unconstitutional. It was held that the broad powers vested in the legislature by the constitution were sufficient to authorize it to limit or destroy the jurisdiction of the courts of the state and also to authorize it to confer upon such courts such jurisdiction as it sees fit in matters cognate and germane to the regulation of public utilities. Petitioners rely on that case as indicating that the superior court has been deprived of all jurisdiction relating to control or restraint of public utilities. But the statement in that case that "the deprivation of jurisdiction of the courts of the state may not be questioned" had particular reference under the facts there shown to the deprivation of jurisdiction of the superior court in cases where the Railroad Commission had acted and could have no bearing upon the jurisdiction of the superior court in cases where the commission had taken no action whatsoever.

[4] Nor is it open to question that the superior court has no jurisdiction to "enjoin, restrain or interfere with the commission in the performance of its official duties." In the case of *Sexton* v. *Atchison etc. Ry. Co.*, 173 Cal. 760 [161 Pac. 748], application was made to the superior court to restrain the directors of the Railroad Company from issuing free transportation to the members of the Railroad Commission, its officers and employees, and to restrain the commission from taking any action against the railroad company for failure to comply with the provisions of the Public Utilities Act relative to such transportation. It was held that the relief sought, if granted, would interfere with the commission in the performance of its official duties which "no court of the state" could do except as provided in section 67 of the Public Utilities Act.

Again, it cannot be questioned that the superior court has no jurisdiction to compel the commission to act. That right is vested solely in the supreme court and was exercised in *Western Assn. etc. R. R. Co.* v. *Railroad Com.*, 173 Cal. 802 [1 A. L. R. 1455, 162 Pac. 391], in which this court issued a writ of *mandamus* directing the commission to exercise its jurisdiction in matters respecting transportation companies when the commission had refused to act.

Petitioners have not cited any case in this state wherein it was held or intimated that the superior court has no jurisdiction to entertain a suit in equity, the purpose of which was to restrain a public utility from unlawfully interfering with the rights of the plaintiff and in which it appeared that the Railroad Commission had not acted or had failed or refused to act. On the other hand, the respondents have pointed out that such a question was involved in the case of *Yolo Water & Power Co.* v. *Superior Court,* 43 Cal. App. 332 [185 Pac. 195]. That was a petition for a writ of prohibition to prevent the superior court of Lake County from hearing and determining an application for an injunction in a suit brought by the district attorney in the name of the people of the state against the petitioner, a public utility corporation, to restrain it, among other things, from building a dam across the arm or slough of Clear Lake at a point where the pumps of said defendant were located and from drawing off the water of the lake any faster than the same would naturally flow therefrom. The application for the injunction was made on the ground that the alleged action of the defendant would constitute a nuisance. The principal contention of the petitioner was that the court could not entertain an action brought by the district attorney in view of the provisions of section 75 of the Public Utilities Act to the effect that the commission shall direct its attorney to bring proceedings in the superior court against any public utility whenever in the opinion of the commission such "public utility is failing to, omitting, or about to fail or omit, to do anything required of it by law." It was argued by the petitioner that the course thus indicated in said section was exclusive, and that section 4156 of the Political Code authorizing the district attorney to bring actions in the name of the people to abate nuisances had been repealed by said section 75 so far as public utilities were concerned. By reason of the nature of the proceeding the question of the jurisdiction of the superior court was necessarily involved and it was held that the grant of a right to the commission to prosecute injunction suits was "not at all inconsistent with the continuance of said right in others who may feel aggrieved by the act of a public utility." An application for a hearing in this court after that decision was rendered was denied. So here, the argument

is convincing that the right of the commission to proceed against the petitioners for operating a transportation company without a certificate of public convenience and necessity is not inconsistent with the right of the plaintiff in the pending injunction suit to proceed against the defendants therein to protect its alleged rights.

[5] We are not here concerned with the nature of the right which the said plaintiff is seeking to enforce. If the superior court has jurisdiction to entertain the action it has the power to define the right sought to be protected. Nor are we here concerned with the correctness of the judgment of the superior court. The jurisdiction of the court is the power to hear and determine. It is not contingent upon the regularity of its exercise nor upon the correctness of the decision (*Lange* v. *Superior Court,* 11 Cal. App. 1 [103 Pac. 908]). If the judgment of the superior court be incorrect it may be reversed on appeal, but not on prohibition (*Sutter-Butte Canal Co.* v. *Superior Court,* 183 Cal. 324 [191 Pac. 529]).

It is insisted by petitioners that unless the Railroad Commission has exclusive jurisdiction to determine the questions of fact involved in said injunction suit and to make its order accordingly, great confusion will arise, for the reason that the superior courts in the several counties may make widely divergent decisions touching the same or similar facts. It is particularly urged by counsel for the Railroad Commission, appearing as *amicus curiae,* that it is the peculiar and sole province of the commission to determine the fact as to whether or no any particular individual or company is operating "between fixed termini and over a regular route" and is, therefore, a "transportation company." And it is argued that if the superior court should find, as it has found in the pending case, that the petitioners are transportation companies, and suppose, say counsel, that later on the commission should assume jurisdiction in a proper proceeding before it and should determine that the said operations were not "between fixed termini and over a regular route," and that still later an application should be made to the superior court to dissolve the injunction and the court should deny the motion, would not such denial be an interference "with the commission in the performance of its official duty"? In answer to the query it should be borne in mind that we are not here dealing with a situation

where the commission has acted. It may also be noted that the commission undoubtedly has power to inquire into the methods and activities of the plaintiffs as well as the defendants in said action as to their transportation operations, either on its own motion or on the complaint of petitioners. Likewise it may be noted that the functions of the commission may be brought into play by an application by petitioners for a certificate of public convenience and necessity. If such certificate be granted the injunction in the pending cause would cease, for by its own terms it is enforceable against the petitioners only "until they shall have obtained from the Railroad Commission of the State of California a certificate declaring that public convenience and necessity require such operation." Furthermore, if the commission should assume jurisdiction in an investigation as to the activities of the petitioner and the injunction plaintiff, or both, and should determine under subdivision (3) of section 1 of the Auto Stage and Truck Transportation Act that the petitioners were not operating "between fixed termini and over a regular route" and, therefore, were not transportation companies as defined by that act, its finding would not be subject to review and it would then have the power under section 31 of the Public Utilities Act to make all necessary orders to enforce its decision in the matter. It may be assumed for the purpose of this proceeding that the court should have included in its injunctive order the further limitation that it should cease upon a finding by the Railroad Commission that the petitioners are not "transportation companies" and it may be further assumed that any action on the part of the court to enforce the injunction after such finding by the commission would be in excess of its jurisdiction. But with these assumptions it would not follow that the injunction would not be valid until such finding be made. Until that event the injunction would be operative. We are here called upon to determine the jurisdiction of the court under the facts disclosed by the record and not as they may be at some future time. We entertain no doubt that when the commission has assumed and exercised its jurisdiction the court would conform its orders and process agreeably to the action of the commission made within its jurisdiction. When the commission has acted it may be said, as was very aptly stated in *Yolo*

*Water & Power Co.* v. *Superior Court, supra:* "Powers conferred by the constitution upon the railroad commission to supervise and regulate public utilities and to bring suit to enforce its orders and compel public utilities to obey the law are not inconsistent with the power conferred upon superior courts to entertain injunction suits instituted by others than the commission against public utilities. To so hold will not create any conflict between the courts and the commission, because in all such suits the courts will be bound and guided and controlled in all respects in entertaining and deciding or dismissing them as much by section 23 of the constitution and the public utility act as by any other provisions of the law."

We find nothing in the several provisions of the Public Utilities Act or the Auto Stage and Transportation Act, relied on by petitioners, which would warrant the conclusion that the legislative branch has so framed the laws respecting public utilities as to divest the superior court of its general jurisdiction in equity under the circumstances here shown. Petitioners have called attention to the fact that in several other jurisdictions the right of control over the activities of public utilities is vested in such a body as our Railroad Commission to the exclusion of the jurisdiction of the courts, either wholly or in part. The respondents have pointed out that in an equal or greater number of other jurisdictions the equity powers of the courts of general jurisdiction have continued notwithstanding similar laws. These cases have been considered, but it is deemed unnecessary to discuss them for the reason, as frankly conceded by the petitioners, that other state courts which hold that the Railroad Commission jurisdiction is exclusive all go further than the courts of this state, because of the peculiar provisions of our constitutional and statutory law. The proper construction of the laws peculiar to this state must, of course, necessarily govern. [6] The question of exclusive control of public utilities is primarily one of legislative policy subject, of course, to constitutional grant or limitation. Where the courts have been denied or have refused to take jurisdiction, it has been said that it was the legislative policy to relegate all such questions to the commission having jurisdiction to entertain the same. For example, in *State* v. *Duluth etc.*, 153 Wis. 650 [142 N. W. 184],

relied on by petitioners, it was stated with reference to the laws of Wisconsin establishing a Railroad Commission: ''The new system did not absolutely take away any of the constitutional jurisdiction of the circuit court; but deference to the legislative will, which is due to a co-ordinate department of the government, requires that such jurisdiction shall not be exercised in any situation—which the legislature placed, as a matter of administrative power, in that of the Railroad Commission as regards original actions—in the absence of some extraordinary emergency not liable to arise.'' But even in that case the court did not go as far as petitioners here contend. There the lower court had issued an alternative writ of *mandamus* to compel a street railway company to furnish cars sufficient for adequate service to the public during a strike of its employees. On appeal from an order denying a motion to quash the writ, the supreme court of Wisconsin held that the lower court should hesitate to interpose this extraordinary writ to solve such a complicated problem involving property rights and made the general declaration above quoted, but stated that it did not intend ''to suggest that an occasion might not arise, or may not have arisen in this case, warranting the exercise of the equity authority of the court to solve the difficulty.''

In the proceeding before us due deference to the legislative branch would seem to require that this court neither extend nor limit the policy which the legislature clearly indicates should be followed in this state. The legislature under the constitution has full power to act and by such action to declare such policy. It has acted and has declared that no court of the state except the supreme court shall have power to review the decisions of the Railroad Commission nor compel it to act, and that no court of the state shall interfere with the commission in the performance of its official duties except as the action of the supreme court might constitute such interference in matters of review, *mandamus,* etc. In sections 75 and 80 of the Public Utilities Act it expressly recognizes the right of the superior court to exercise its jurisdiction in matters affecting public utilities when such jurisdiction is invoked at the instance of the commission or of its attorney. Having the right to further limit or abolish the jurisdiction of the superior court in such matters and not having done so, and thus having in effect declared

its policy on the subject, it is not for the court to say that the legislature has not gone as far as it should have gone in the matter within its exclusive control. Until it has further exercised its power to divest the superior court of its powers in matters affecting public utilities it must be concluded that such courts as courts of general jurisdiction are open to others as well as to those upon whom the right to resort thereto is specially conferred by the Public Utilities Act and that, therefore, the respondent court had jurisdiction to entertain and decide the pending action and to take the necessary steps to enforce its orders and judgment therein.

The peremptory writ is denied.

Lennon, J., Seawell, J., Richards, J., Waste, J., Lawlor, J., and Myers, C. J., concurred.