[Crim. No. 3508.   Second Dist., Div. One.   Nov. 8, 1941.]

In re W. D. CAVITT on Habeas Corpus.

Morris Lavine and Wm. J. Clark for Petitioner.

John F. Dockweiler, District Attorney, and Jere J. Sullivan, Deputy District Attorney, for Respondent.

WHITE, J.—This is a proceeding in *habeas corpus* to secure the release of W. D. Cavitt from the custody of the Chief of Police of the city of Los Angeles. Petitioner was a supervisor at the Whittier State School, which is a reformatory maintained for the incarceration and training of boys committed thereto by the juvenile and superior courts of California.

On October 25, 1940, by complaint filed in the Municipal Court of the City of Los Angeles, petitioner was charged with six counts of violation of section 681 of the Penal Code and six counts of violation of section 242 of the same code. The complaint alleged that each of the offenses charged occurred ''in Whittier Township in the County of Los Angeles.'' After pleas of not guilty were interposed, trial was had in the Municipal Court of the City of Los Angeles commencing on January 2, 1941, which trial resulted in the conviction of petitioner of the offenses charged in counts 2, 4, 5, 10 and 12, and his acquittal on the other counts set forth in the complaint. Judgment was pronounced on January 29, 1941. Petitioner was sentenced to the city jail for thirty days on count 2, twenty days on count 4, thirty days on count 5, fifteen days on count 10, and thirty days on count 12. The sentences were ordered to run consecutively. From these judgments petitioner appealed to the Superior Court of the State of California, in and for the County of Los Angeles, Appellate Department. That court affirmed the judgments on counts 2, 4, 10 and 12 and reversed the judgment on count 5, with directions to the municipal court to dismiss this last-mentioned count. (*People* v. *Cavitt*, No. Cr. A. 1792.) Upon the going down of the *remittitur* the municipal court issued four commitments based on the four charges of battery hereinabove referred to.

It is first contended by petitioner that he is entitled to be discharged from custody for the reason that when the complaint was filed in the Los Angeles Municipal Court, as well as when the case was tried and judgment rendered, the Justice's Court of Whittier Township was vested with exclusive jurisdiction of the misdemeanor offenses charged, by reason of which fact the Los Angeles Municipal Court was without jurisdiction and its judgments consequently void.

Sections 1425 and 1462 of the Penal Code fix and deter-

mine the jurisdiction of the courts with which we are here concerned. Section 1425 declares that "Justice's Courts of Class A shall have jurisdiction exclusive of that of any municipal court established in the county, in all criminal cases amounting to misdemeanor only, except those of which the juvenile court is given original jurisdiction." As amended in 1939, section 81 of the Code of Civil Procedure provides that justice's courts in cities, towns and judicial townships having a population of 30,000 are of class A, while all others are of class B. The cited section provides that in determining the jurisdiction of any justice's court, "the population of a judicial township shall be deemed to be above or below thirty thousand as may have been found to be the fact in any proceeding in *mandamus* brought in a court having jurisdiction thereof; otherwise such population shall be deemed to be as shown by the last preceding census taken under the direction of the Congress of the United States."

We do not deem it necessary to discuss the classification of the Justice's Court of Whittier Township as determined by the census of 1940, for the reason that in an appropriate mandamus proceeding brought in the Superior Court of Los Angeles County, entitled, "*County of Los Angeles, etc., Petitioner*, v. *Justice's Court of Downey Township, County of Los Angeles, State of California, Guy B. Gamble, Justice of the Peace in and for Downey Township etc., and Edward J. Guirado, Justice of the Peace in and for Whittier Township, etc.*," and which proceeding was numbered 457659 in the files of the superior court, it was by judgment in said action rendered on December 12, 1940, which was subsequent to the last taking of the census, judicially established that the Justice's Court of Whittier Township was of class A. It must therefore be conceded that at the time of the trial of petitioner in the municipal court, commencing on January 2, 1941, as well as at the time judgment was rendered on January 29, of the same year, the Justice's Court of Whittier Township was clothed with exclusive jurisdiction of the offenses charged against petitioner. Even though it be conceded that the municipal court possessed jurisdiction at the time the complaint was filed, on October 24, 1940, that court was divested of jurisdiction when by writ of mandate it was determined on December 12, 1940, that Whittier Township had a population numbering more than 30,000.

The continued legal prosecution of the case and the pronouncement of judgment following conviction in the municipal court depended upon the continued existence and vitality of jurisdiction in that court. The return of respondent chief of police presents to us the four commitments of the Municipal Court of the City of Los Angeles upon which respondent relies as authority for holding petitioner in custody. In each of these commitments it is recited that petitioner was convicted in said court on January 16, 1941, and that judgment was pronounced January 29, 1941. Petitioner objected to the jurisdiction of such court to proceed with his trial or to pronounce judgment against him on the ground that the Justice's Court of Whittier Township had been judicially declared to be of class A. We hold that the municipal court was without jurisdiction to proceed with the trial of petitioner or to pronounce judgment in the case against him. ■ When by operation of law a court is divested of jurisdiction, it is without power to inflict a punishment or enforce a penalty for violations of law committed while it had jurisdiction, and a court under such circumstances is equally without power to proceed in a matter of which it had jurisdiction at the time the action was commenced, unless some special provision be made for that purpose by statute. (*United States* v. *Chambers,* 291 U. S. 217 [54 Sup. Ct. 434, 78 L. Ed. 763, 89 A. L. R. 1510].) ■ Jurisdiction is fundamental, and as heretofore pointed out, must be continuing in the court throughout the proceeding, because it is jurisdiction alone that gives the court power to hear, determine and pronounce judgment upon the issues before it. (7 Cal. Jur. 584; *Lange* v. *Superior Court,* 11 Cal. App. 1 [103 Pac. 908] ; *In re Hatch,* 9 Cal. App. 333 [99 Pac. 398].) ■ When a court that is divested of jurisdiction undertakes to pronounce a judgment in a cause which the court did not have jurisdiction to hear or try, such judgment is void *ab initio.* (*In re Wyatt,* 114 Cal. App. 557, 559 [300 Pac. 132].) And this is true even though a void judgment be, as in the instant case, affirmed on appeal.

By reason of the foregoing, other points raised do not require discussion.

The Municipal Court of the City of Los Angeles having lost jurisdiction of the proceedings during the pendency thereof, and therefore being without power to pronounce

the judgments upon which petitioner is imprisoned, on the date such judgments were pronounced, it is ordered that he be discharged from custody.

York, P. J., and Doran, J., concurred.